CASE 5—ACTION BY J. R. TENNELLY AGAINST FRANK EBELHARR AND R. G. HILL TO ENFORCE AN EXECUTION LIEN ON LAND.—APRIL 27.

## Ebelharr, &c. v. Tennelly.

APPEAL FROM DAVIESS CIRCUIT COURT—MALCOLM YEAMAN, SPECIAL CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

LAND—EQUITABLE TITLE—EXECUTION LEVY—RECITALS IN LEVY—SUFFICIENCY.

1. Ky. St., 1903, sec. 1709, provides that when an execution defendant owns a legal title to land incumbered by a purchase-money lien, or the legal title in any real or personal estate, and shall have created a bona fide incumbrance thereon by mortgage deed of trust, or otherwise before an execution has created a lien on the same, the interest of the defendant may be levied on and sold subject to such incumbrance. HELD, that the interest of an owner who had conveyed realty by a deed absolute

on its face, taking a written defeasance, was subject to execution.

2. Ky. St., 1903, section 1709, authorizes levy of execution on a mortgagor's interest in realty. In levying on the interest of an owner in realty which he has conveyed by deed absolute on its face, with a written defeasance, the officer styled the interest an "equity of redemption," but also recited the transaction. HELD, that, if the use of the term "equity of redemption" is erroneous, it did not invalidate the levy.

MILLER & TODD AND GEO. V. TRIPLETT, ATTORNEYS FOR APPELLANTS.

### POINTS AND AUTHORITIES.

1. The deed from the appellant Hill to Lancaster and the appellee Tennelly, and the writing executed by the parties simultaneously with the execution and delivery of the deed, when construed together, constitute a mortgage. It is well settled in this State that "where land is conveyed absolutely, and the grantee by a separate instrument or defeasance covenants to reconvey to the grantor on his paying a certain sum of money, the transaction amounts only to a mortgage." The intention of the parties in such cases is the true test. Alderson against Caskey, 15 Reporter, 589.

2. A mere equity in land can not be levied on and sold under execution. Buford v. Buford, 1 Bibb, 306; Allen v. Sanders, 2 Bibb, 94; Tyree v. Williams, 3 Bibb, 366; January v. Bradford, 4 Bibb, 567; McDermid v. Morrison, 1 Mar., 174; Newsom & Hamilton v. Kurtz & Miller, 86 Ky., 277.

3. At the common law there was no such thing as an equity of redemption in land which could be seized or levied on under execution, and therefore such interest in land can be levied on under such process only pursuant to statutory enactment, and the only equity of redemption which can be so levied on is that which is created by statute, and by statute made subject to levy and sale. The only statutes in this State on the subject of the sale of such equity are to be found in sections 1684-1686, 2364-2365, Kentucky Statutes.

4. The levy attempted to be enforced in this case is void. An equity in land created by the act of the parties, and not by statute, and not authorized by statute to be levied on and sold under execution is not subject to seizure or levy under execution.

5. The attempted levy is not good as a levy under section 1709 of the Kentucky Statutes authorizing the sale of encumbered property under execution. Under this section of the statute, the

property itself, or the execution defendant's interest therein, must be levied on, and in this case neither the property nor the defendant's interest therein was levied on, or attempted to be levied on. The attempted levy was made on what is denominated in the endorsement of the levy, as the defendant's equity of redemption, reserved by him in the transaction by which he mortgaged the property to Lancaster and appellee, Tennelly. The levy or attempted levy was unauthorized and is void, and the sale made thereunder was wholly ineffectual to create a lien on the property, or the execution defendant's interest therein.

6. A sale under execution, pursuant to a levy on a greater interest than that which a debtor owns in land, may be valid to pass such title to the property as he really owns, but such sale under a levy on a less interest is void. Gibbs, etc. v. Davies, 93 Ky., 466.

WILFRED CARRICO, ATTORNEY FOR APPELLEE.

## CLASSIFICATION OF QUESTIONS.

There is but a single question presented in this appeal.

A deed, absolute on its face, is executed and at the same time a separate writing is executed and delivered by the grantee, wherein he undertakes to reconvey, within a specified time, upon the payment of the consideration named in the deed.

Subsequently an execution against the grantor is levied upon the lot mentioned in the deed, and the sheriff in his levy calls the interest of the execution defendant, "his equity of redemption," but recites the conveyance and the agreement to reconvey, and says it is this interest that is levied on.

Such a levy and sale thereunder are not void, but give the purchaser a lien for the amount of his bid and ten per cent, thereon, subject to the mortgage made by the execution of the deed and agreement. Ky. Stat., secs. 1681, 1709; Gailot v. Pierce, 18 L. R., 1005; Bayer v. Lincoln, 3 L. R., Humphrey v. Wade, 8 L. R., 357; Gibbs v. Davis, 14 L. R., 387.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

R. G. Hill was the owner of a lot and improvements thereon, situated in Owensboro, Ky., which he conveyed by deed absolute upon its face for the recited consideration of $3,000 cash in hand paid to J. R. Tennelly

and J. R. Lancaster, at the same time taking from the vendees their agreement in writing to reconvey the property to him upon the repayment to them of the recited consideration within two years thereafter.    While the title to the property was in this condition, on the 27th day of August, 1902, an execution issued from the office of the Daviess circuit court, from C. G. Thixton against Hill, for the purpose of satisfying a judgment for the sum of $302, with interest at the rate of 6 per cent, per annum from the 9th day of April, 1896, until paid, and $10.70 costs; and on the 17th day of September, 1902, another execution issued from the same office, in favor of W. G. Burnett against Hill, for the purpose of enforcing the collection of the sum of $43.55, with interest at the rate of 6 per cent. per annum from the 6th day of September, 1896, until paid, and $10.80 costs.    These two writs came duly to the hands of the sheriff of Daviess county, and were by him levied upon the equity of redemption of Hill' in the property mentioned, and on the 6th day of October, 1902, in pursuance of the tenor of the writs, the property was sold by the officer at public sale, and purchased by J. R. Tennelly for the sum of $500, for which he executed bond as by law and the terms of the sale required.    Subsequently Lancaster and Tennelly reconveyed the property mortgaged to them according to the tenor of the contemporaneous writing held by Hill.    On the 1st day of November, 1902, Hill and wife conveyed the property to the appellant Frank Ebelharr, and on the 14th day of May, 1903, appellee, Tennelly, instituted this action in equity in the Daviess circuit court against Hill and Ebelharr for the enforcement of his lien for the amount of the purchase money paid by him, with interest, as by law authorized.

Upon trial of the case, the chancellor awarded appellant a judgment as prayed for in his petition, to reverse which this appeal is prosecuted.

The question arising upon the face of the record is one purely of law. The levy of the officer, so far as this case is concerned, is as follows:    "Levied this execution, No. 1,673, Book 20, . .. . upon equity of redemption in a certain house and lot on the south side of Main street between Frederica and St. Elizabeth streets, and fronting 40 ft. thereon, and running back southwardly 42 feet, and bounded on the east by the Deposit Bank; on the south by the property of the Kirk heirs; on the west by an alley, and on the north by Main street.   Levied on as the property of R. G. Hill. . . .  Above-named property, the store or saloon building on Main street, was conveyed to J. R. Lancaster and J. R. Tennelly on the 14th day of February, 1902, at $3,000.00, and Hill reserved the right to redeem same within two years.   It is this right of redemption that is now levied on.   This 27th day of August, 1902," No question is made as to the regularity of the proceedings leading up to the execution sale, except as to the levy; it being contended by appellant that the levy of the officer was void because he describes the interest of the execution debtor as an equity of redemption, and that an equity of redemption is not subject to execution; that, therefore, the levy was void, and all subsequent proceedings thereunder of no avail.   This is the sole objection urged by appellant.   This contention is in the very teeth of the statutes.  Section 1684, Ky. St., 1903, provides that, if property sold at execution sale does not realize two-thirds of its appraised value, the execution debtor and his representatives shall have one year in which

to redeem it upon the terms therein set forth, and section 1686 is as follows: "The right of redemption herein provided for shall be liable to sale under execution." Section 1691: "If it appears in the proceedings aforesaid (motion for possession) that the title of the defendant in the execution to the land sold was only equitable, or the land encumbered by mortgage lien, the court shall, if the purchaser require it, subject the land to the payment of the debt of the execution creditor in the same manner it would do if there was a return of 'No property found;' and may cause such pleadings to be filed and the parties brought before the court as may be necessary to a final equitable judgment in respect to the rights of all parties interested." Section 1709: "When the defendant in an execution owns the legal title to the land encumbered by lien for the purchase money, or who shall own the legal title in any real or personal estate, and shall have created a bona fide encumbrance thereon by mortgage deed of trust or otherwise, before an execution has created a lien on the same, the interest of the defendant in such property may be levied on and sold subject to such incumbrance." It thus appears that equities of redemption, whether they arise under sections 1684 or 1709, may be levied on by execution by express provision of the statute. Evidently the officer in the case at bar was proceeding under section 1709; but appellant urges that if so, he did not bring himself within the terms of the section, for the reason that he denominated in his levy the interest subjected an equity of redemption, whereas it is said that the interest of the debtor which can be subjected under the section in hand is a legal title and not an equitable one. We think this position is technically unsound. The interest described in section 1709

as subject to execution is the original equity of redemption somewhat modified by our modern procedure. Bouvier, in his Law Dictionary, defines equity of redemption to be "a right which the mortgagor of an estate has of redeeming it, after it has been forfeited at law by nonpayment at the time appointed of the money secured by the mortgage to be paid, by paying the amount of the debt, interest and costs." See, also, 2 Blackstone, 159. We have now two kinds of equities of redemption—one statutory, and the other the original right of redemption, which relieved the debtor of the harsh forfeiture of his estate for nonpayment of the mortgage debt within the time stipulated, modified as before stated. In Am. & Eng. Encycl. of Law 2d Ed.) vol. 11, p. 213, it is said: "The statutory right to redeem differs essentially from the equity of redemption proper. It is not an estate in the mortgaged property, but is a mere personal privilege of redeeming the property within a certain time after the mortgage has been foreclosed. But it exists only in such cases and in favor of such persons as are designated in the statute by which it is created." On page 209, it is said: "An equity of redemption is an estate in the mortgaged property, and is subject to all the incidents of ownership." Page 211: "At common law an equity of redemption was not subject to levy and sale under execution; but the common-law doctrine as to the equitable nature of the mortgagor's estate has been modified, and the remedy by execution has been extended in many jurisdictions so as to permit an equity of redemption to be sold in execution against the owner. As a general rule, however, the right to sell an equity of redemption under execution does not include the right to sell under an execution on a judgment for the mortgage debt, though in some

jurisdictions the rule is otherwise." In the case of Crow v. Tinsley, etc., 6 Dana, 402, Chief Justice Robertson said: "The statute of this State subjecting equities of redemption to sale under executions could furnish no greater right than that which was sold; and it is evident that in this case no other interest than the general equity to which Daniel McIlvoy was entitled at the time of the sale was sold or bought under the executions." See, also, Brace and Wife v. Shaw, 16 B. Mon., 75; Bronston v. Robinson, 4 B. Mon. 142; Waller v. Tate, etc., Id. 529—although in the last two cases it was held that an equity of redemption could not be sold under an execution issued to enforce payment of a mortgage debt. These cases are cited for the purpose, and clearly show, that the sheriff properly named the interest levied on an equity of redemption. But, waiving all this, the officer, evidently being in fear of the over-refined casuistry involved in appellant's criticism, did not trust the validity of his levy, alone, to his accuracy of legal terminology, but described by apt paraphrase the identical interest upon which he levied; so that, even conceding that he erred in denominating Hill's interest in the mortgaged land as an equity of redemption, the law, which regards the substance, rather than the names of things, will hold that he levied upon that which he described rather than that which he misnamed.

For the reasons indicated the judgment is affirmed.

Petition for rehearing by appellants overruled.