## West v. Criscillis.

(Decided February 23, 1932.)

J. B. JOHNSON for appellant.

TYE, SILER, GILLIS & SILER and C. B. UPTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action by G. W. West to recover of M. M. Criscillis, former sheriff of Whitley county, the sum of $392 and interest, judgment was rendered on the pleadings in favor of Criscillis, and West has prayed an appeal.

Briefly stated the facts pleaded in the petition, as amended, are these: In an action brought by him in the Whitley circuit court, West obtained a judgment against Martha B. Sipple, Imogen West, and C. J. Sipple for the sum of $392.50, with interest on that sum and other sums, together with his costs. The judgment was not paid, and execution was issued thereon directed to the sheriff of Whitley county, where the defendants owned real property of the value of $12,000 or more. On October 23, 1929, execution was placed in the hands of M. M. Criscillis, then sheriff of Whitley county. While he had the execution in his hands he wrongfully refused to levy the same on the property of the execution defendants, and himself purchased the property of the execution defendants, and thereafter returned the execution "No property found." The transfer of the property was fraudulent and collusive, and West was entitled to recover of Criscillis the amount of his judgment, interest and costs, and have the property sold to satisfy his claim and demand.

His demurrer to the petition, as amended, having been overruled, Criscillis filed an answer in two paragraphs. In addition to denying certain allegations of fraud and collusion, the first paragraph contained the following denial:

"The defendant, M. M. Criscillis, for his separate answer to the petition of the plaintiff, herein denies that on the 23rd day of October, 1929, or at

any time thereafter, the defendants, Martha B. Sipple, Imogen West and C. J. Sipple, or any one or more of them owned property in Whitley County, Kentucky of the value of $12,000.00 or any value in excess of liens then existing thereon, or any property subject to execution and he denies that he was directed to levy the execution in favor of the plaintiff upon any of the property owned by his co-defendants, and he denies that he did wrongfully or unlawfully or without legal right or excuse so to do, fail or refuse to levy said execution on the property of his codefendants, herein; and he denies that while he had the said execution in his hands, any of his co-defendants owned or had any property in Whitley County, to the value of $12,000.00 or of any value subject to execution.''

In paragraph 2 he pleaded, in substance, that there were purchase-money and mortgage liens of record upon the real estate owned by the defendants in excess of the value thereof, and that they owned no property in Whitley county subject to execution and from which any sum of money could be made (by levy of an execution and sale; that he disclosed these facts to J. B. Johnson, attorney for plaintiff, and Johnson directed him to return said execution with the indorsement ''No property found,'' and pursuant to this direction the return was so made. Other facts pleaded are these: He did purchase the property for the recited consideration of $12,000. No part of the consideration was paid to his co-defendants or any of them. All the consideration was paid to persons who had mortgage and other liens of record, and was paid to discharge the liens. The $12,000 paid for the property was more than it would have sold for at execution sale, and the valid record liens were in excess of its value. Before purchasing the property he advised A. B. Johnson that he contemplated doing so, and no objection was made thereto. He purchased the property in good faith, and by reason of the facts set forth plaintiff was estopped from claiming that he was liable for his failure to levy the execution. West's demurrer to the first paragraph of the answer was overruled, and sustained as to the second paragraph. As before stated, judgment was then rendered in favor of Criscillis on the pleadings.

It is argued on behalf of Criscillis that the pleadings support the judgment, and therefore the judgment must

be affirmed. In support of this position it is claimed that, as the demurrer to the second paragraph of the answer was sustained, that paragraph was eliminated and cannot be considered, thus leaving the allegations of the petition as amended denied by the first paragraph of the answer without any proof to sustain those allegations.

Our conclusions on the questions involved may be summarized as follows:

1. Though incumbered, the property of the execution defendants was liable to execution, and it was the duty of Criscillis as sheriff to levy the execution and sell the property subject to the incumbrances. Section 1709, Kentucky Statutes, Ebelharr v. Tennelly, 118 Ky. 43, 80 S. W. 459, 25 Ky. Law Rep. 2257.

2. While the execution was in his hands for levy, Criscillis as sheriff could not buy the property of the execution defendants to the prejudice of the execution creditor; and, it having been alleged and not denied that the purchase was so made, the burden was on Criscillis to allege and prove that the purchase did not operate to the disadvantage of the execution creditor. This he could do by alleging and proving facts that the market value of the property was no more than the liens on the property which he discharged, or that the execution defendants were entitled to a homestead in the property, and that the market value of the property was less than the liens and the homestead combined.

3. The petition as amended was not demurrable on the ground that it failed to allege that the execution defendants had no personal property subject to execution. It did allege that the execution was returned "No property found," and Criscillis, who made the return, is not in a position to complain of the alleged defect in the petition.

4. The denial in the first paragraph of the answer that "the defendants, Martha B. Sipple, Imogen West and C. J. Sipple, or any one or more of them owned property in Whitley County, Kentucky, of the value of $12,-000.00, or any value in excess of liens then existing thereon, or any property subject to execution," without stating the amount of the liens or how they were acquired, and without setting out the facts showing that they did not own any property subject to execution, was

a mere conclusion of the pleader and therefore bad on demurrer.

5. In view of the fact that, if the demurrer to the first paragraph of the answer had been sustained, as should have been done, Criscillis would have been entitled to amend if he so desired, the error of the court will not be permitted to prejudice his rights; and the case will not be decided on the pleadings without giving him an opportunity to amend.

Wherefore, the appeal is granted, and judgment reversed, and cause remanded, with directions to permit Criscillis to amend, if he desires, and for other proceedings not inconsistent with this opinion.

Whole court sitting.