## Farmers' State Bank of London v. Evans.

(Decided March 19, 1935.)

H. C. CLAY and HOMER C. CLAY for appellant.

C. R. LUKER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On November 10, 1930, Oscar Bryant executed a note to the Farmers' State Bank of London, Ky., for $240. R. C. Evans and J. A. Jones signed the note as sureties. The note was renewed May 10, 1931, and the maker having failed to pay it, the bank brought suit against the maker and the sureties on March 14, 1933, and obtained a judgment against all the defendants for $240 with interest from November 10, 1931, subject to a credit of $4.80.

On March 3, 1934, an execution was levied by the sheriff of Laurel county on an undivided one-half interest in a stock of merchandise as the property of R. C. Evans. Anna R. Evans, wife of R. C Evans, then

brought this suit against the bank and the sheriff to enjoin them from proceeding further under the levy. In her petition she alleged that she was the owner of the goods levied upon; that on February 5, 1932, her husband, R. C. Evans, being indebted to her in the sum of $2,000, executed to her a mortgage on his undivided one-half interest in the stock of goods to secure such indebtedness, and that the mortgage was recorded in the office of the Laurel county clerk on June 2, 1932; that on May 31, 1932, he sold to her his one-half undivided interest in the stock of merchandise in consideration of the $2,000 which he then owed her; and that a written contract of sale was entered into. The alleged contract was filed with the petition and reads:

"For and in consideration of my indebtedness to my wife, Anna R. Evans, in the sum of Two Thousand ($2,000.00) Dollars, which is evidenced by a chattel mortgage made by me to her on the 5th day of February, 1932, I hereby transfer, sell and deliver to my said wife, my one-half undivided interest in the stock of merchandise located in the Porter Building on the West Side of Main Street in London, Laurel County, Kentucky, said store being operated in the name of A. D. Hammack & Company, it being understood that said business will continue to be operated in the name of A. D. Hammack & Company, and that I will assist in the operation of said store as I have heretofore done, taking for my salary $50.00 per month out of the proceeds of sale, and giving to my wife all of the profits realized over and above overhead expenses and my salary of $50.00 per month.

"This May 31st, 1932.

R. C. Evans."

She further alleged that on January 22, 1934, she purchased from Mrs. A. D. Hammack the remaining one-half undivided interest in the stock of merchandise, and at the time the execution was levied thereon she was the sole owner of the stock of goods.

The bank, in its answer, traversed the allegations of the petition, and in paragraph 2 it alleged that on May 31, 1932, when the alleged contract of sale between the plaintiff and her husband was made, R. C. Evans was indebted to it, and that the assignment of his inter-

est in the stock of goods levied upon was not in writing, acknowledged and recorded in the county clerk's office, and the transfer was, therefore, void. In paragraph 3 it was alleged that the attempted gift, assignment, sale, or transfer of R. C. Evans' undivided one-half interest in the stock of merchandise was made by him to the plaintiff, Anna R. Evans, at a time when she was his wife and when he was indebted to the defendant, and that it was made with the intent to delay, hinder, and defraud his creditors. It was also alleged that the mortgage executed on February 5, 1932, was executed without valuable consideration and for the purpose of hindering, delaying, and defrauding the creditors of R. C. Evans and especially the defendant.

A reply completed the issues, and the case having been submitted on the pleadings, exhibits, and evidence, a judgment was entered perpetuating the injunction theretofore granted and discharging the levy made on the stock of merchandise. The defendant has appealed.

The case appears to have been tried upon the issue as to whether or not the alleged sale of May 31, 1932, was valid. Appellee admitted in her testimony that the writing signed by her husband transferring to her his interest in the stock of merchandise was neither acknowledged nor recorded in the clerk's office. Section 2128 of the Kentucky Statutes provides that:

"A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing, and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded."

As that statute was not complied with, the transfer was clearly invalid as to the appellant. Hawley Coal Co. v. Bruce, 252 Ky. 455, 67 S. W. (2d) 703; Motch's Administrator v. Glenn, 251 Ky. 235, 64 S. W. (2d) 900; Billington v. Dunn, 217 Ky. 164, 289 S. W. 213.

The question as to the validity of the mortgage was not developed, but, conceding for present purposes that it was valid, the circuit court erred in discharging the levy, since, though encumbered, the property of R. C. Evans was liable to execution. West v. Criscillis, 242 Ky. 549, 46 S. W. (2d) 1082. The court seems to have

acted on the theory that R. C. Evans had no interest in the property, but, the attempted transfer of May 31, 1932 being invalid, he owned the property encumbered by the mortgage if the mortgage was valid. An execution lien may be obtained upon the property of the execution debtor owned jointly with another person. Civil Code of Practice, sec. 660; Ky. Stat. sec. 1709. For the proper procedure when an interest in jointly owned property is levied upon, see Brownsville Auto Co. v. Peaslee Gaulbert Co., 242 Ky. 519, 46 S. W. (2d) 1088; Mason v. Southern Deposit Bank, 229 Ky. 728, 17 S. W. (2d) 1022, and cases therein cited. On the return of the case, the parties may, if they so desire, take additional proof upon the issue raised by the third paragraph of the answer as to the validity of the mortgage.

The judgment is reversed for further proceedings consistent herewith.