CHANCERY.          **Young's Executor vs Young, &c.**

*Case 24.*          ERROR TO THE JESSAMINE CIRCUIT.

*Chancery Jurisdiction.*

*December 28.*   JUDGE BRECK delivered the opinion of the Court.

'Case stated.

THIS bill in equity was exhibited by Elijah J. Young, as executor of John Young, and an injunction awarded him, restraining the sale of four slaves by the Sheriff, who had taken them under sundry executions against William D. Young, and as his property.

The plaintiffs in the executions and the Sheriff being made defendants, and their demurrer to the bill having been sustained, and the bill dismissed, the complainant has brought the case to this Court.

The bill alleges, in regard to two of the slaves, "that they were not only family servants peculiarly endeared to the surviving children and widow of the testator, and possessing, therefore, to them, a value far above their vendible price, but the condition of the title thereto would embarrss the sale of them under said executions, and strangers might, if so sold, purchase them at a great sacrifice, and subject your orator and other claimants, to vexation, expense and peril, to an erreparable extent."

This allegation constitutes the main ground relied on to sustain the jurisdiction of a Court of equity.

The question of the jurisdiction of the Chancellor in The Chancellor cannot at the instance of a third person, rest ain the sale of slaves levied upon by execution, and in such suit try the title to the slaves. The remedy is complete at law. cases of this kind, has long since, and repeatedly, been the subject of adjudication by this Court, and in view of all the cases and the principles recognized, we have had no difficulty in coming to the conclusion that the demurrer in this case was properly sustained.

The Chancellor has only interfered in such cases where the party had no adequate remedy at law, or where there was some obstruction to the legal remedy. The legal remedy of the complainant, in this case, was ample, and so far as appears, unobstructed. The action

of replevin is not only now, in view of our statute, an ad-equate and appropriate remedy in such .cases, but was recognized and held by this Court, to be so, before there was any legislation upon the subject: *Bouldin* vs *Alexander*, (7 *Monroe*, 424, *and other cases and authorities there cited.*)

Wherefore, the decree is affirmed.

*J. & W. L. Harlan and Robertson* for plaintiff; *Robinson & Johnson* for defendants.