CASE 36—PETITION EQUITY—FEBRUARY 24.

# Soaper v. Howard, &c.

### APPEAL FROM DAVIESS CIRCUIT COURT.

AN EXECUTION CREDITOR IS NOT DEPRIVED OF HIS LIEN on the debtor's land by the failure of the clerk to record the sheriff's return as required by the act March 6, 1878, where the execution has issued from another county than that where the land lies, or, as required by the General Statutes, where it has issued from the same county.

An execution issued upon a judgment of the Henderson Circuit Court was levied upon land in Daviess county. Between the date of the levy and the sale the defendant sold the land to appellees. The plaintiff, the purchaser at the execution sale, brought this action to remove the incumbrance by reason of the sale and conveyance to appellees. This right was denied him upon the ground that his lien was lost by the failure of the clerk of the Daviess Circuit Court to record the sheriff's return upon the execution as required by the act of March 6, 1878. *Held*—That the lien is not lost by the failure of the clerk to discharge his duty, as the statute does not so provide.

W. T. ELLIS FOR APPELLANT.

The failure to record an execution as required by the act of March 6, 1878, does not deprive the plaintiff of his lien.

H. M. HASKINS AND JAMES STUART FOR APPELLEES.

The appellant lost his lien by failing to have his execution recorded in the county where the land levied on was situated. The statute is mandatory, and not directory merely.

Whatever is of the essence must be held strictly mandatory, and that only may be regarded as directory which relates to some immaterial matter of convenience. (Hardin v. Owing, 1 Bibb, 205; Koch v. Bridges, 45 Miss., 258; People v. Schermerhorn, 19 Barb., 540.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant recovered a judgment in the Henderson circuit court against T. Y. Howard, and had an execution issued to the county of Henderson that was returned *no property found.*

Howard owning an undivided interest in a tract of land in the county of Daviess, the appellant had an execution issued to that county and placed it in the hands of the jailer, who levied it on the land subject to a mortgage held by one Kitchells, and having advertised it for sale, the plaintiff in the execution, Soaper, became the purchaser. Between the date of the levy and the sale of the land under the execution the owner, who was the debtor, sold the land to his co-appellees. The appellant then brought this suit to enforce his lien and to remove the incumbrance by reason of the sale and conveyance to the appellees. This right was denied him and his petition dismissed.

By an act of the Legislature, approved March 6, 1878, it is provided "that when executions of *fieri facias* are or shall be issued from the courts of any county in this Commonwealth, and the same are sent to another county, and shall be by sheriff of such county levied upon land in such county, it shall be the duty of the sheriff so levying said execution to return the same to the clerk of the circuit court in his county, who shall record the same as executions are now required to be recorded ; and after recording same, such clerk shall deliver said execution back to the sheriff, who shall return the same to the office of the court whence it issued." (Gen. Stats., ed. 1887, p. 585.)

It seems that this statute was not complied with by the officer, but the execution was returned to the Henderson circuit clerk's office, and the sale made without any evidence of the levy upon record in

vol. 85—17.

the county of Daviess where the land is. It was.
insisted in the court below, and so adjudged, that
the failure of the sheriff to comply with this stat-
ute deprived the appellant of his lien, and this
is the question presented in the case. It will be:
seen from the wording of this statute that no men-
tion is made of the lien in behalf of the plaintiff
in the execution, that exists, not only by reason
of the levy, but while the execution is in the of-
ficer's hands; but a duty is only imposed on the:
sheriff and clerk of recording the levy in the county
where the land is levied on. This duty is re-
quired to preserve the evidence of what has been
done under the execution, and for the convenience
of those who may be investigating the title to land
with a view of purchasing ; but the lien, neverthe-
less, exists, as there is nothing in the statute de-
priving the execution creditor of his right to enforce:
it. The execution in a case like this is required to
be recorded by the clerk when handed him by the
sheriff, *in the same manner as he is required by
law to record such levies on executions issued from
his own office.* This is the express language of
the act. The clerk, by section 4, article 1, chapter
16, General Statutes, is required to keep in his.
office a book in which he shall record every exe-
cution and the return of the sheriff thereon, *the
same to be in full* whenever it shall appear by
said return that any real estate, or any interest
therein, hath been sold by virtue thereof. This stat-
ute, as well as the one under consideration, was.
intended to preserve the evidence of such official

action by the sheriff, and to extend protection as far as it applied to those purchasing the land; but it is nowhere provided that if the record is not made the lien shall be lost, or that the failure of this duty on the part of the official should deprive him of the lien. Liens existing by statute may be made conditional by statute, that is, provided the instrument creating the lien is recorded within a certain time; but the court will scarcely deprive one of a lien given him by statute upon a construction by mere implication as to the legislative intent. Besides, if the lien is released in this case by reason of the statute, why is not the lien released when the land is sold under execution from the same county in which it is located.

It is made the duty of the clerk in each instance to record the levy. It may be argued that in the case before us the purchaser would have no means of ascertaining the existence of the lien without going to the county of Henderson, and, therefore, should be treated as an innocent purchaser. Such may be the condition in which the purchaser is placed; but with the execution in the hands of the sheriff, the lien would exist even before the levy, although issued from another county, and that lien must continue if there is no other reason for disregarding it, although the sheriff may fail to have it recorded as required by the statute. The continuance of the lien is not made to depend on the discharge of this official's duty. Such liens are created as against subsequent purchasers by reason of the statute, and the courts have only to enforce them.

It was never intended that the execution creditor should be deprived of his lien by failure of the clerk to record the levy under either statute.

The judgment below is therefore reversed, and cause remanded for proceedings consistent with this opinion.