CASE 60—PETITION EQUITY—MARCH 21.

# Jones, &c., v. Allen & Co.

APPEAL FROM BATH CIRCUIT COURT.

1. JUDICIAL SALES—EXECUTION LIEN.—Pending an action to enforce a lien on land, an execution creditor may have his execution levied on the land as foundation for coming into the action and enforcing the lien created thereby. And even where the execution lien is created after the land has been sold under judgment of the court, the execution creditor may come into the case and file exceptions to the report of sale, and have the sale set aside, if good grounds exist therefor, and then have the property sold to satisfy both his debt and that of the plaintiff.

Appellees had an execution levied on the land of their debtor after it had been sold under judgment of the court in this action to enforce a lien thereon, and then upon petition were made parties to the action, and filed exceptions to the report of sale upon the ground that the property had not been appraised or properly advertised. The sale was set aside and a sale ordered to satisfy both the debt of the plaintiff and the debt of appellees. *Held*—That this was proper.

2. JOINDER OF ACTIONS—ELECTION.—The appellees, after asserting a lien on the land, filed an amended answer and cross-petition, alleging that the debtor had sold the land, and seeking to subject the unpaid purchase price, making the vendee a party. The defendants moved the court to require appellees to elect which cause of action they would prosecute, but the court overruled the motion. The defendants then made known that the notes executed by the vendee for the purchase price had been assigned for value, thus placing them beyond appellees' reach. *Held*—That even if the court erred in overruling the motion to require appellees to elect, the ruling of the court worked out equitably, and the defendants can not complain.

3. VERBAL SALES OF LAND—EXECUTIONS.—A deed executed pursuant to a previous verbal sale of land does not relate back and overreach an execution lien created between the date of the sale and the date of the deed, and before any money had been paid by the vendee, and, therefore, before he had acquired any equity.

4. LEVY OF EXECUTION.—Where the officer having an execution goes to or upon the land of the defendant and actually levies upon it, and indorses the levy upon the execution within a reasonable time thereafter, it is not necessary to the validity of the levy that he should notify the owner or occupant of the land.    The officer may, however, dispense with going to or upon the land by getting the consent of the owner or agent to the levy upon the particular land, or by notifying him that he intends levying upon it.    But in that event he must still indorse the levy upon the execution within a reasonable time.  He may, however, dispense with thus indorsing the levy by both going to the land and notifying the owner or occupant of the levy; and in that event the levy may be established by parol evidence.

R. GUDGELL AND W. S. GUDGELL FOR APPELLANTS.

1. To make a levy upon land effectual, the sheriff must go upon the land and there indorse his levy, or must notify the defendant in the execution of the particular property upon which he proposes to levy.  (McBurnie v. Overstreet, 8 B. M., 304.)

2. An oral contract, in regard to the sale of land, is voidable only by the parties to the contract.   (Crawford v. Woods, 6 Bush, 203.)

J. J. NESBITT FOR APPELLEE.

An oral sale of land conveys no title, and can not be interposed to defeat an execution levied prior to the making of a conveyance in compliance with the oral agreement.   (White v. O'Bannon, 9 Ky. Law Rep., 338.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Scott and Hurst, in 1879, obtained a judgment in the Bath Circuit Court against the appellant, Spencer Boyd, for the price of some lumber with which they furnished him to build a dwelling-house on a tract of land belonging to him, they having taken proper steps to retain a lien on said house and land for the price of the lumber. Judgment was also rendered directing a sale of the land to satisfy the debt.

The land was not sold until the 8th day of December, 1884. On that day the master commissioner sold the entire tract for $114—the balance then due—and Samuel Jones, the son of the appellant, became the purchaser. Thereafter, on the 31st of December, 1884, the appellees caused two executions, aggregating about one hundred and forty dollars, besides interest and costs, to be levied upon said tract of land. Thereafter, in February, 1884, the appellees, upon their petition setting up a lien upon said land by virtue of the levy of said executions, were made parties to the action for the purpose of asserting said lien. They then filed exceptions to the report of sale upon the grounds: First, the land was not appraised; second, it was not advertised as required by law. The court sustained the exceptions and set the sale aside. Thereafter, on the 23d day of March, 1885, the appellees filed an amended answer and cross-petition, in which it was alleged that the appellant, Spencer Jones, on the 2d day of March, 1885, had sold and conveyed said land to the appellant, Thompson Jones, for the sum of sixteen hundred dollars, one thousand of which was paid down and the remaining six hundred was to be thereafter paid. Thompson Jones having been made a party, the appellees, without abandoning their execution liens, sought to subject a sufficiency of this sum to the payment of these executions.

The appellants then moved the court to compel the appellees to elect which remedy they would prosecute, but the court overruled the motion, whereupon the appellants, by their answers, made known that the note evidencing said sum of six hundred dollars had been, before the appellant, Thompson Jones, was made a party,

assigned to a third person for value. So, if it be true that the court erred—which we do not decide—in not compelling the appellees to elect, nevertheless, the appellants have no right to complain, for they developed, by their answers, the fact that the money that the appellees sought to reach was not subject to their debt, which fact they knew at the time they made the motion, and evidently intended to put appellees in pursuit of a shadow and let the substance slip from their grasp. Therefore, the judgment of the court, if erroneous at the time, worked out equitably, and the appellants can not be heard to complain.

The appellants contend that the appellant, Thompson Jones, verbally purchased the land on the 23d day of December, 1884, just a few days before the appellees' executions were levied; and that his deed of the 2d of March following relates back to the verbal purchase, and invests him with a title superior and anterior to the lien of the appellees. The verbal purchase did not invest the appellant with any legal or equitable title whatever, and as he paid no money on that purchase, with no equity of any kind, therefore, if the appellees acquired an execution lien on the land between the times of making the verbal purchase and the execution of the deed, the title acquired by the execution of the deed could not have the effect of supplanting the execution lien.

The sheriff went on the said tract of land, and not finding its owner or occupant, he levied on it and returned to town and caused the levy to be indorsed upon the executions. He did not post a copy of the executions upon the land, nor do any other thing than that above men-

tioned to apprise the owner or occupant of the land that he had levied on it. Was it a valid levy? To make a valid levy upon land it is only necessary for the officer to go to or upon the land and actually levy upon it and indorse the levy upon the execution. However, the indorsement need not be made while the officer is at or upon the land; if it be made within a reasonable time thereafter, it will be sufficient to hold the levy. It is not necessary to the validity of the levy, in the case above indicated, that the officer should personally notify the owner or occupant of the land of the levy. Also, the officer may make a valid levy upon land without going to or upon it, in either of two ways: First, by seeing the owner or agent and getting his consent to the levy upon the particular estate; or, second, by apprising the owner or agent of the particular estate that he intends levying upon it. In either of the two cases last named, the officer must make, within a reasonable time, an official and specific entry upon the execution. But when the officer goes to or upon the land and levies on the same and notifies the owner or occupant of the levy, such levy may be established by parol evidence. (McBurnie v. Overstreet, 8 B. Mon., 304.)

The appellees had the right to levy the executions on the land, and thereby create a lien upon it, not for the purpose of selling the land under the executions, but for the purpose of enabling them to come into the case to subject the land to the payment of their debt, subject, however, to the lien of the judgment creditor. Were the appellees denied this right it would result in a sacrifice of their rights as creditors.

The facts of this case illustrate the wisdom of allowing the levy upon the land as a foundation for coming into the case to enforce the lien created thereby, for here the land, worth in cash sixteen hundred dollars, was bid off at the commissioner's sale for one hundred and fourteen dollars, which sale, but for allowing the appellees to come into the case and assert their lien, would have been confirmed and the appellees would have lost their debt. But as the Chancellor recognized the right of the appellees to create a lien upon the land by levying upon it, as a foundation for coming into the case to enforce their lien, their rights as creditors were saved. It is true that such a proceeding will not be allowed to interfere with the rights of the purchaser at the commissioner's sale, but here, according to the facts in this record, the person to whom the land was knocked off acquired no rights as purchaser, and the court did him no wrong by setting aside the report of sale.

The judgment is affirmed.