## Leath v. Deweese.

(Decided January 19, 1915.)

### Appeal from Carlisle Circuit Court.

Execution—Sale—Levy—Indorsement.—The failure to endorse the levy upon the execution, or any paper thereto attached, invalidates the execution sale.

JESS F. NICHOLS for appellant.

J. R. EVANS and BEN S. ADAMS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Eb Deweese died intestate the owner of a tract of land in the county of Carlisle. On October 10, 1898, his daughter, Kate Jones, and Joe Deweese and others brought an action against Robert Partin and others, in which they alleged that they were the owners of certain undivided interests in the land left by their father, and asked for a partition. It was adjudged that Joseph Deweese was the owner of an undivided one-ninth interest in the land. Commissioners were appointed to partition the land and a track of seventeen acres was allotted to Joe Deweese. A judgment for costs was rendered against Joe Deweese and others who were parties to the suit. Having failed to pay his part of the costs, an execution for the sum of $39.35, with interest, was regularly issued from the office of the circuit clerk. A sale of the land was had, and F. P. Leath became the purchaser at the price of $49.00.

Joe Deweese brought this action against F. P. Leath to recover the seventeen acres which had been allotted to him in the division of his father's estate. Leath pleaded title by virtue of the foregoing proceedings. In his reply Deweese alleged that the proceedings were void for several reasons. Judgment was rendered in favor of Deweese, and Leath appeals.

While the execution sale is attacked on several grounds, we deem it necessary to consider only the question of the validity of the levy. In the case of McBurnie v. Overstreet, 8 B. Mon., 300, this court, in discussing the question of what elements were necessary to constitute a valid levy of an execution, announced the following rule:

"But we have had considerable difficulty in determining what acts of the officer should be deemed indispensable to constitute a valid levy of an execution upon real estate. No uniform rule or practice seems to have prevailed upon the subject. Our conclusion is, that the officer should either go upon or to the premises, and make an actual levy—or that he should see the defendant in the execution or his agent, and obtain his consent that the execution be levied upon the estate sought to be subjected—or that he should see and apprise the defendant or his agent of the particular estate upon which he designed levying, and should thereupon make an official and specific entry upon the execution, or upon a paper thereto attached, of the estates and levy. In the two first modes it would also be the duty of the officer to make the entry upon the execution."

The rule above announced was approved and followed in Jones, &c., v. Allen & Co., 88 Ky., 381.

In the case under consideration no levy was endorsed on the execution, or upon any paper thereto attached. There being no valid levy, it follows that the sale was void. This rule does not conflict with the doctrine announced in Guelot v. Pearce, 38 S. W., 892; Bell v. Weatherford, 12 Bush, 508; Reid v. Heastey, 9 Dana, 324; where it is held that a failure of the officer subsequent to the sale to perform certain duties which were directory in their character cannot affect the rights of the purchaser. The levy must precede the sale, and a valid levy is essential to a valid sale.

Judgment affirmed.