## Evansville Coffin Company, et al. v. Sumner.

(Decided December 10, 1920.)

### Appeal from Trigg Circuit Court.

1. Homestead—Occupancy by Tenant—Abandonment.—The right of homestead in the property of his deceased wife conferred by section 1708, Ky. Stats., was not abandoned by the surviving husband who left same temporarily with a tenant to take his son to another climate for his health and who intends to personally reoccupy same when he can regain possession from his tenant.

2. Homestead—Merger—Occupancy.—Such a homestead which is merely a right of occupancy was not lost by merger when the one entitled thereto subsequently acquired the fee by descent from his deceased sons.

3. Homestead—Sale Under Execution.—Such homestead, although itself not liable to sale under execution, cannot protect from such sale other separable and distinct interests subsequently acquired.

4. Homestead—Sale of Property Worth in Excess of $1,000.00.—Section 1705 of the statutes which permits the sale of indivisible property worth more than $1,000.00 encumbered with a homestead upon the payment of $1,000.00 to a homesteader with which to buy another homestead, has no reference to the right of occupancy which a surviving husband has in lands of his deceased wife under section 1708 of the statutes, but applies to the sale of lands in which one has homestead in his own right under section 1702 Kentucky Statutes.

5. Homestead—Inheritance.—The surviving husband who under section 1708, Kentucky Statutes, had homestead in her property and later acquired like fee therein by descent from his deceased sons, also had homestead under section 1702, Kentucky Statutes, in the interest inherited from the older son while he was living upon the property with the younger son, but not in the interest inherited by him from the younger son when he had no family living with or dependent upon him.

ROBERT CRENSHAW for appellants.

M. M. HANBERRY and G. P. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming in part and reversing in part.

The first wife of C. R. Sumner died intestate prior to 1912, the owner of a house and lot in Cadiz, Kentucky, worth less than $1,000.00, in which, at the time of her death, she with her husband and their children resided.

On February 3, 1912, it was adjudged in an action then pending in the Trigg circuit court that the house and lot descended to two sons of decedent subject, however, to the homestead right of appellee therein. Appellee continued to reside in the property until January 1, 1918. In the meantime one son died and he remarried. The second wife left him the latter part of 1917 and his remaining son became ill of tuberculosis. Believing a change of climate would be beneficial to his son's health, he rented out the house, reserving however one room and part of the cellar in which he stored his household goods, and went with his son to another state. This son died December 1, 1918, leaving the appellee childless and, as his second wife had left him, without any family. He has since resided in Cadiz but not in the house in question. In 1915 he became indebted to the appellant, Evansville Coffin Company, in the sum of $175.00 which was reduced to judgment in 1919. An execution issued

upon this judgment was levied upon the house and lot and same was sold thereunder by the sheriff.

Appellee attended the sale, protested against same and announced to those present that the property was exempt to him as a homestead and not liable to sale under execution. He then instituted this action against the execution creditor, the purchaser and the sheriff, to annul the sale and enjoin a conveyance to the purchaser.

In his petition he pleaded the facts set out above; that he was a housekeeper with a family and that the property was his homestead and exempt from sale under the execution. The defendants in their answer admitted the truth of the facts above stated but denied that he was a housekeeper with a family; that the property was exempt from sale under execution, or that he had homestead therein. A trial resulted in a judgment for plaintiff and the defendants have appealed.

By section 1702, Kentucky Statutes, so much land, including the residence and appurtenances thereto, as does not exceed $1,000.00 is exempt from sale under execution, as the homestead of the owner who is a *bona fide* housekeeper with a family, provided the debt was created subsequent to the acquisition of the land, but not as against pre-existing debts except where the land was acquired by inheritance or with funds that were exempt.

By sections 1707 and 1708 of the statutes the surviving husband or wife is entitled to hold the homestead of the deceased spouse so long as he or she occupies same.

Appellee claims that he had, when the execution sale was attempted, not only the homestead in the property adjudged to him in 1912 under section 1708, Kentucky Statutes, as the surviving husband of his deceased wife but also a like right under section 1702, Kentucky Statutes, as the owner of the fee which he inherited from his deceased sons, one-half before the other half after the creation of the execution debt. That neither has been lost by abandonmnt or otherwise.

Appellants in effect contend that the homestead formerly adjudged appellee under section 1708 was extinguished by merger when he inherited the fee and besides had been abandoned; and that he is not entitled to homestead under section 1702, because he was not, when title vested in him or at the time of the execution sale, a *bona fide* housekeeper with a family and also because the debt was created before he acquired title.

Upon the question of abandonment of the homestead adjudged appellee under section 1708, he is the only witness, and he states that he left the property temporarily with the intention of returning thereto and that he intends to reoccupy same when he can get possession from his tenant, which testimony together with the admitted fact that he has been in possession by tenant at all times conclusively disproves any abandonment.

It is clear therefore that the homestead thus acquired still exists unless it has been extinguished by merger in the fee, which it is agreed upon the pleadings and briefs, appellee inherited from his deceased sons.

It does not seem possible that a rule of merger could be applicable since the homestead thus acquired under section 1708 of the statutes is a mere right of occupancy and not an estate in the land, and exists independent of the title; Shepard v. Browning, 156 Ky. 194; Overby v. Williams, 170 Ky. 141; Campbell v. Whisman, 183 Ky. 256.

But however that may be, even where the homestead is an estate and not a mere right of occupancy as is such a homestead right as we are not considering, it is usually held that the principle of merger is not applicable where to hold otherwise is more advantageous to the owner of the homestead right. 10 R. C. L. 666 and 668; 21 C. J. 1038; 99 A. S. R. 152. We are therefore of the opinion that the homestead which appellee acquired under section 1708 had not been lost by abandonment or merger or otherwise and that the chancellor did not err in holding void the sale complained of which sold the property without regard thereto.

The chancellor, however, not only enjoined the sale of this right of appellee to occupy the land, but also adjudged, "That the defendants be perpetually enjoined from selling said house and lot so long as the plaintiff C. R. Sumner uses same as a homestead, or unless they will pay to said Sumner the sum of $1,000.00 as is provided under the laws of the state of Kentucky governing the sales of homesteads under execution."

This presents a question not heretofore considered by this court. The right which appellee acquired to occupy the homestead of his first wife in the land, manifestly cannot protect from sale other separable and distinct interests he has since acquired therein from his deceased sons, but the sale of these and every interest he has in the property is enjoined perpetually except

upon condition that appellants pay him $1,000.00 with which to buy another homestead as is provided in section 1705 of the statutes which reads:

"Where the defendant in the execution, attachment or action owns real estate which is levied on or sought to be subjected to the payment of any debt or liability, and the same, in the opinions of the appraisers, is of greater value than one thousand dollars, and not divisible without great diminution of its value, then the same shall be sold under the execution, attachment or judgment, and one thousand dollars of the money arising from the sale shall be paid to the defendant to enable him to purchase another homestead. But there shall be no sale if the land, when offered, does not bring more than one thousand dollars."

This statute however has no application here unless appellee has a homestead in the property in his own right under section 1702, since the mere right of occupancy he has under section 1708 cannot be transferred to other lands, and is destroyed by an attempted sale thereof, but the land can be sold by its owners or their creditors from under and subject to same (see notes to sections 1707 and 1708), in which respects and several others it differs from the homestead one has in his own lands under section 1702, whether it too be merely a right of occupancy or an estate in the land which we need not now decide.

To have created in appellee the right of homestead in the property under 1702 he must have owned an estate therein and occupied same, and in addition have been at the time of its creation a *bona fide* housekeeper with a family, but its continuance when once created is not dependent upon the continued existence of a family. See note 14, section 1702, Kentucky Statutes.

It is agreed upon the pleadings and briefs that appellee inherited the property one-half from each son and as this is possible although unusual if as seems to be the case both sons died in infancy, we shall assume it is true. When the elder son died appellee was living in the property with the younger son dependent upon him, hence under section 1702 he acquired a homestead in his own right in the undivided one-half interest inherited from that son which cannot be sold under execution except as in section 1705 provided, whether the execution debt was created before or after he acquired same, since a debtor is entitled to homestead in property derived by

descent, and upon which he resides, as against debts previously created as well as those thereafter incurred. See cases cited in note 7 to section 1702, Kentucky Statutes.

But when the younger son died and appellee acquired his half interest in the property, appellee was entirely without a family, and he is not entitled to homestead therein under section 1702, but he did have the right to occupy same under section 1708.

So much therefore of the judgment as perpetually enjoins appellant from selling this half interest in the property subject to appellee's right of occupancy under section 1708, except upon the conditions named in section 1705, is erroneous and must be reversed.

Wherefore the judgment is affirmed in part and reversed in part with directions to modify same as herein indicated and appellants will pay three-fourths and appellee one-fourth of the costs of this appeal.