## Mason et al. v. Southern Deposit Bank.

(Decided May 28, 1929.)

E. C. O'REAR and I. G. MASON for appellants.

COLEMAN TAYLOR and O. M. SMITH for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Reversing.

On June 6, 1925, the appellee, Southern Deposit Bank, caused an execution to issue on a judgment for $240 and interest, recovered against the appellant J. F. Mason. It was on that day levied on a tract of land as being the property of Mason, and a lis pendens notice was promptly filed as provided by section 2358a2 of the Statutes. It appears that eight days before Mason had sold and conveyed this property to the appellee, S. F. Robinson, but Robinson had not lodged his deed for record at the time of the levy of the execution. He did so three days thereafter.

This suit was filed by the bank against Mason and Robinson, seeking to enforce its execution lien, and asking that it be adjudged superior to the title of Robinson in the land. It was shown that Robinson had assumed the payment of a mortgage debt on the property of $2,849.17, had paid Mason $451.16, and owed him a similar sum evidenced by a lien note then in the hands of Moore & Son, real estate agents, who held it for Mason. The lower court adjudged the execution lien of the bank superior to Robinson's rights, but it was adjudged that Robinson might satisfy the bank's claim and take credit on the note therefor. However, should that not be done within fifteen days, the land was ordered sold for the satisfaction of the lien. Mason's claim to homestead was not allowed.

By express provisions of section 496 of the Statutes, Robinson's unrecorded deed was void against the bank as a creditor without notice, and its lien acquired by the levy of the execution gave the bank a superior claim on the property. Bradshaw v. Dunlap, 217 Ky. 644, 290 S. W. 501.

Appellant contends that the bank should have enforced its lien by having the property sold under the execution and that the suit in equity was not authorized. It is undoubtedly often better and more directly effective to proceed in this manner than by having a sale under the

execution, especially where there are adverse claims and other incumbrances. It is true that in Low v. Skaggs, 105 S. W. 439, 31 Ky. Law Rep. 1292, the opinion is expressed that the writ of venditioni exponas is ample for the enforcement of the lien and that a suit in equity is not the appropriate proceeding. That declaration, however, does not appear to have been necessary in determining the case; and, in the more recent case of Garrison v. Clark, 151 Ky. 565, 152 S. W. 581, the subject was fully considered and the court there stated, referring to section 1709 of the Statutes:

> "It is further provided that courts of equity shall have power to make such orders as may be necessary to preserve the rights of all interested parties. Under this statute it is not necessary to the validity of the execution lien that a sale of the property shall be made under the execution levy. An execution plaintiff who levies his execution upon incumbered real estate may, without a sale under his execution, bring an action in equity, based on his execution levy, making defendants to the action all persons who have incumbrances on the property, and the court in which the action is brought may then order a sale of the property and make such orders and enter such judgments as are necessary to protect the rights of all parties in interest. It is not essential that the execution plaintiff shall sell the property under his execution before bringing an action in equity, although he may do so. Vanmeter v. Savage, 60 S. W. 646, 22 Ky. Law Rep. 1476; Jones v. Allen, 88 Ky. 381, 11 S. W. 289, 10 Ky. Law Rep. 962."

We need not consider other points raised by appellant, as we are of the opinion that his claim to homestead in the proceeds of the sale to Robinson should have been allowed. The property was acquired by Mason before his debt to the bank was created. It was mortgaged to the Federal Land Bank to secure the principal sum of $3,000. He had occupied the property as a homestead for himself and family up until about eighteen months before its sale, when he moved temporarily to a rented place near a high school for the convenience of his children and leased his home place for one year. He left his stock and tools there, and his statements that he intended to return to his own place are not contradicted. Having

an opportunity to sell the property, he did so with the purpose of applying the difference between the mortgage debt and sale price to the acquisition of another home. Under these facts, the court should have adjudged Mason a right of homestead in the note due him by Robinson. Marcum v. Edwards, 181 Ky. 683, 205 S. W. 798; Louisville Tobacco Warehouse Co. v. Calvert, 180 Ky. 718, 203 S. W. 567; Conway v. Reed, 193 Ky. 287, 235 S. W. 747; Evansville Coffin Co. v. Sumner, 189 Ky. 839, 226 S. W. 363; Clay's Committee v. Washington, 183 Ky. 756, 210 S. W. 484.

An appeal is granted. The judgment is reversed, and the case remanded for consistent proceedings.