## Brownsville Auto Company v. Peaslee Gaulbert Company.

(Decided February 23, 1932.)

LOGAN & LOGAN for appellant.

BYRON RENFREW for appellee.

520

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The Peaslee Gaulbert Company instituted an action in equity against the Brownsville Auto Company to enforce an execution lien on land. The circuit court adjudged a lien on the land in favor of the plaintiff and ordered a sale of the land to satisfy the lien. The defendant has filed the record in this court and prayed an appeal from the judgment.

It was alleged in the plaintiff's petition that it had recovered in the Jefferson circuit court a judgment against the defendant upon which it had caused an execution to be issued to Edmonson county where the defendant owned real estate and was domiciled. The execution was levied by the sheriff on the parcel of land fully described in the petition, the levy was indorsed thereon, and it was returned by the sheriff of Edmonson county to the office from whence it issued. A copy of the execution with the return thereon showing merely the levy thereof was exhibited. A lis pendens notice of the execution was filed in the Edmonson county clerk's office in accordance with section 2358a-2, Kentucky Statutes.

The first point raised by the record, and the only one which we deem it necessary to decide, is whether the plaintiff could resort to an action in equity under the state of facts appearing. It is provided by statute that courts of equity shall have control over executions upon incumbered property, and there are other instances where it is necessary to bring actions in equity after the levy of an execution. Ky. Stats., sec. 1709. Garrison v. Clark, 151 Ky. 565, 152 S. W. 581; Vanmeter v. Savage, 60 S. W. 646, 22 Ky. Law Rep. 1476; Scott's Ex'r v. Scott, 85 Ky. 385, 3 S. W. 598, 5 S. W. 423, 9 Ky. Law Rep. 363; Jones v. Allen, 88 Ky. 381, 11 S. W. 289, 10 Ky. Law Rep. 962; Hall v. Casebolt, 171 Ky. 477, 188 S. W. 470, Ann. Cas. 1917C, 1012; Mason v. Southern Deposit Bank, 229 Ky. 728, 17 S. W. (2d) 1022. But the property levied upon in this case, so far as is shown by the record, was free and unincumbered, and the title of the defendant in the execution was unquestioned. In such circumstances the plaintiff had a right to have the execution carried into full effect by the sheriff making a sale of the land in accordance with the law. The legal remedy thus provided by statute is complete and plenary. The protection of the defendant is found in the statutory require-

ments addressed to the sheriff. Sections 1682, 1683, 1684, 1687, 1693, 1694, 1698, and 1703, Ky. Statutes.

A suit in equity is not necessary or proper to enforce an execution levy upon unincumbered property belonging to the defendant in the execution. Such a proceeding would violate a fundamental principle of equity jurisprudence, which precludes a resort to equity when the plaintiff has a plain, adequate, efficient, and appropriate legal remedy. 21 C. J., sec. 14, p. 35; Louisville & N. Ry. Co. v. Smith, 117 Ky. 364, 78 S. W. 160, 25 Ky. Law Rep. 1459; Wood v. Asher Lumber Co., 39 S. W. 702, 19 Ky. Law Rep. 235; Hennessy v. Woolworth, 128 U. S. 438, 9 S. Ct. 109, 32 L. Ed. 500; Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 S. Ct. 77, 43 L. Ed. 341; Young's Ex'r v. Young, 9 B. Mon. 66; Campbell v. Irvine Toll Bridge Co., 173 Ky. 313, 190 S. W. 1098.

The exact question now presented was thus discussed by Judge O'Rear in delivering the opinion of this court in Low v. Skaggs, 105 S. W. 439, 440, 31 Ky. Law Rep. 1292:

"After a good levy is made and a sufficient return upon the execution showing it, the lien created by the levy is preserved, although there is not a sale. The writ venditioni exponas may then issue to enforce the lien. A suit in equity is not the appropriate proceeding to enforce an execution levy. The power in the sheriff to enforce it by sale is ample. The defendant should not be put to the extra costs, and the courts' dockets incumbered with suits in chancery to do what could be done under the process in the action at law with less expense and more expedition. The petition in this case should have been dismissed."

See Ky. Stats., sec. 1664. In Mason v. Southern Deposit Bank, 229 Ky. 728, 17 S. W. (2d) 1022, it was said that the declaration above quoted from Low v. Skaggs did not appear to have been necessary to a decision of the case. The Mason case concerned incumbered land to which the rule referred to did not apply, but the declaration was clearly pertinent and correct where the property levied upon belonged to the defendant and was clear, free, and unincumbered. The distinction between the cases rests upon the fact whether the defendant's title to the land is clear or incumbered.

It is insisted, however, that section 1659, Ky. Stats., requires an action to enforce the lien when an. execution is issued from one county in this commonwealth to another, and levied upon land in the latter county. That statute provides:

"Where executions are, or shall be, issued from the courts of any county in this Commonwealth, and the same are sent to another county, and shall be by the sheriff of such county levied upon lands in such county, it shall be the duty of the sheriff so levying said execution to return the same to the clerk of the circuit court in his county, who shall record the same as executions are now required to be recorded; and, after recording same, such clerk shall deliver said execution back to the sheriff, who shall return the same to the office of the court whence it issued. The clerk recording such execution shall have the same fee therefor as now allowed for similar services."

It has been held that failure to record the execution in the circuit clerk's office where the land is situated does not invalidate the lien created by the execution (Soaper v. Howard, 85 Ky. 256, 3 S. W. 161, 8 Ky. Law Rep. 937) which exists from the time the process is placed in the hands of the officer, if nothing more appears. Ky. Stats., sec. 1660. Richart v. Goodpaster, 116 Ky. 637, 76 S. W. 831, 25 Ky. Law Rep. 889; Hood v. Pope, 233 Ky. 749, 26 S. W. (2d) 1043. It was assumed that the directions contained in section 1659, supra, to the effect that the sheriff who levies the execution shall cause a record thereof to be made in his county and shall return the same to the office of the court whence it issued, required that he should do so immediately after the levy without going further with the execution, or carrying it into effect by a sale of the land. But if the sheriff has ample time to execute the process by making a sale before the return date, it is his duty to do so. The statute means that the sheriff shall return the process to the office whence it was issued after he has performed all of his duties in respect thereof. If the sheriff should lack time to perform any of his duties under the situation created by a levy, before he is bound by its directions to return the process to the office from which it issued, he may return it, and the plaintiff in the execution can then obtain a writ of venditioni exponas, as provided by section 1664,

Ky. Stats. In so far as shown by the present record, there was no basis for a suit in equity. The plaintiff had a judgment and the means of enforcing it. It needed no further judgment, or other aid from the court. Cf. Shaw v. McKnight-Keaton Grocery Co., 231 Ky. 223, 21 S. W. (2d) 269. All that was necessary to be done was to pursue the summary remedy given by law for the collection of the judgment which it already had. The levy of the execution on unincumbered property of the defendant in the execution created no condition calling for the aid of a court of equity.

It follows that the petition of the plaintiff should be dismissed without prejudice, unless an amended petition shall be filed changing the aspect of affairs, and setting forth facts authorizing the exercise of equitable jurisdiction.

All other questions raised in the record are reserved.

The appeal is granted, and the judgment is reversed, for proceedings not inconsistent with this opinion.