**ANDERSON et al. v. KERR et al.**

Court of Appeals of Kentucky.
Feb. 20, 1951.
As Modified on Denial of Rehearing
June 15, 1951.

ferred to the equity docket, heard on depositions, and the petition was dismissed by the Chancellor.

Mr. Anderson, seized of the land in question, died intestate previous to the year 1933. At the time of his death he was indebted to the Deposit Bank of Monroe County in a sum slightly less than $300.00. After his death, suit was instituted to subject the land to the payment of the debt. Judgment was rendered, and an order of sale was entered at a special term of the Monroe Circuit Court held on the 12th day of October, 1932. Pursuant to the order, the Master Commissioner sold the property and the widow became the purchaser, in her own right, by bidding the full amount of the debt, plus interest and costs. She executed bond to secure the payment of the purchase price. the Master Commissioner retaining a lien on the property for further security. Upon her failure to pay the purchase money, an execution was issued on the bond. The execution was placed in the hands of the Sheriff with directions that he levy on the property, and, if necessary, offer it for sale to satisfy the debt. The property was sold by the Sheriff at public outcry and purchased by Coffey and Crawford on February 5, 1934. On that day the Sheriff returned the execution endorsed on its back:

"Returned, satisified (sic), in full $296.80 paid to Jesse Harlan M. C. and $1.10 paid to L. R. Rush Cir Clk. (By Ck)

"This Feb. 5th 1934"

On June 18, 1935, Coffey conveyed his interest to Crawford who, in turn, conveyed all of his title to appellee Kerr.

Alice Anderson and her children contend that the order of sale was void and the title did not pass at the decretal sale; but, if wrong in this contention, the Sheriff's sale was void and title did not pass to Kerr's antecedents in title. If she is correct in respect to the decretal sale, she and her children should be declared to be the owners of the property; if incorrect in her contention as to the decretal sale but correct in her contention in respect to the Sheriff's sale, she should be declared to

---

George B. Haile, Thomas Haile, Cookeville, Tenn., Chas. L. Haile, Nashville, Tenn., for appellants.

Paul Carter, Tompkinsville, for appellees.

VAN SANT, Commissioner.

The action was instituted by Alice Anderson and her children as heirs of her deceased husband, J. T. Anderson, to recover possession of a tract of land described in the petition and the sum of $3,250.00 for alleged value of its use for the period of 13 years it has been occupied by the defendants. The case was trans-

be the holder of the legal title by reason of her purchase at the decretal sale; but, if she is incorrect in respect to both the decretal and the Sheriff's sale, Kerr should be declared to be the owner and entitled to the possession of the property.

The objection to the decretal sale is that the order of sale was entered at a special term of the Monroe Circuit Court held on October 12, 1932. She attacks this order in her pleadings upon the sole ground that her infant children were not represented in this suit by a guardian ad litem. In her brief in this Court, she assigns, as an additional reason, the failure of the order calling the special term to authorize any judgment or order to be entered in the action instituted against her and the other heirs of her late husband by the Deposit Bank of Monroe County. This action in so far as it relates to the order of sale is a collateral attack on that judgment. White et al. v. White, 294 Ky. 563, 172 S.W.2d 72. In a collateral attack on a judgment the party seeking to have it declared to be void must allege, not only that the judgment is void, but that the circumstances or conditions rendering the judgment void affirmatively appear in the record wherein the judgment was rendered. White v. White, supra. The pleadings in this case fail to allege that the record shows no guardian ad litem was appointed for the infant children or that the call for the special term of court did not authorize judgment to be entered in that case. The order of sale shows that a guardian ad litem for the infant children made his report on the day the order was entered; and, even had the petition been sufficient, in the absence of proof to the contrary, we would presume conclusively that a guardian ad litem was appointed in the manner prescribed by law. For these reasons, we are of the opinion the court properly refused to set aside the decretal sale whereat Mrs. Anderson became the purchaser of the property.

The complaint in respect to the Sheriff's sale is more serious. In McBurnie v. Overstreet, 47 Ky. 300, 8 B.Mon. 300, decided in the year 1848; Jones v. Allen and Company, 88 Ky. 381, 11 S.W. 289, 10 Ky.Law Rep. 962; and Leath v. Deweese, 162 Ky. 227, 172 S.W. 516, this Court held that a valid levy of an execution upon real estate can be had only by one of three modes: (1) by the officer going upon the premises and making an actual levy, (2) obtaining the consent of the land owner that the execution be levied upon the estate sought to be subjected, or (3) apprising the land owner, or his agent, of the particular estate upon which the officer seeks to levy the execution. Irrespective of which of the modes is adopted by the officer, it is necessary that the officer return the levy endorsing the method which has been adopted, together with a statement that the levy was executed in that manner. Failure to adopt either of the above modes renders the Sheriff without jurisdiction to sell the property to satisfy the execution. In Jones v. Allen and Company, supra, the court said that where an officer goes upon the land and makes a levy, it is competent to show such levy by parol evidence. It was shown affirmatively by the testimony of Mrs. Anderson that the Sheriff did not gain her consent to subject the land to the satisfaction of the execution, or apprise her that he intended to levy on the property; and no competent evidence was introduced to show that the Sheriff, or any of his deputies, actually went upon the land for the purpose of making the levy. The only indication that we find in the record to support the contention that a levy actually was made is contained in the Sheriff's deed wherein he recited that the "real estate was levied on as was required by law." This was a mere conclusion of law by the draftsman of the deed and was not competent to show a levy actually was made. In Leath v. Deweese, supra, it was held that failure to levy on the land rendered the sale void, and, that under those circumstances, title would not pass to the purchaser. That being true, we are constrained to hold that the legal title to the property remains in Mrs. Anderson.

In view of the long delay on the part of the appellants in asserting their rights, we conclude that they are estopped

to recover rent for the property or damages for the cutting of timber.

It follows that the judgment must be reversed for proceedings consistent with this opinion. All other questions are reserved.