**Larry REINLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Cabinet for Families & Children ex rel Della M. Reinle, Appellee.**

No. 2004–CA–001627–MR.

Court of Appeals of Kentucky.

July 29, 2005.

Larry Reinle, LaGrange, KY, for appellant.

John S. Kelley, Jr., Bardstown, KY, for appellee.

Before BARBER, HENRY, and SCHRODER, Judges.

OPINION

HENRY, Judge.

Larry Reinle appeals *pro se* from a judgment of the Nelson Circuit Court fixing the amount to be applied from the proceeds of the forced sale of his real estate to reduce the amount of his child support arrearage, and directing that the balance of the proceeds be held in trust to guarantee the payment of future support. We affirm in part and reverse in part, and remand for further proceedings.

In July, 2000, Larry was convicted of First Degree Arson and First Degree Assault and was sentenced to thirty years' imprisonment. He was sentenced as a violent offender pursuant to the provisions of KRS[1] 439.3401, and he is now an inmate at the Kentucky State Reformatory at LaGrange. By the time he becomes eligible to be considered for parole, both of his children will have been emancipated by age. *See* KRS 439.3401 and *Hampton v. Commonwealth*, 133 S.W.3d 438 (Ky.2004).

In 1993, the former Cabinet for Families and Children[2] sued Larry for child support on behalf of Larry's ex-wife Della, who had been receiving Aid to Families with Dependent Children. In July, 1993, a judgment was entered setting the amount of support at $200.00 per month for the two children, and Larry made the payments without incident until he was incarcerated as a result of his arson and assault convictions. By January 20, 2003, Larry's child support arrearage had accrued to an amount in excess of $10,000.00, and the Nelson County Attorney's Office obtained and filed a judgment lien against a parcel of real estate Larry owned in fee simple in Nelson County. A Complaint for Foreclo-

1. Kentucky Revised Statutes

2. On December 23, 2003, Governor Fletcher signed an Executive Order merging the former Cabinet for Families and Children and the Cabinet for Health Services to form the present Cabinet for Health and Family Services.

sure was then filed, and the county obtained a judgment and an order of sale. The property was sold, and after deduction of fees and costs a net sum of $37,925.03 was realized, which is now held by the Nelson County Master Commissioner. By the time the trial court's order was entered on May 20, 2004, the amount of the arrearage had grown to $16,273.13.

Larry originally asserted that he was entitled to a $5,000 homestead exemption. The circuit court decided the issue against him, and he appealed, but later moved this court for leave to withdraw the appeal, which was granted. Thereafter Della filed a motion requesting that the Master Commissioner hold the remaining sale proceeds, after the payment of accrued child support, to be applied to future child support. Larry filed motions requesting that 50% of the net sale proceeds be paid to him pursuant to KRS 405.470(2), and requesting that his part of the sale proceeds be paid to his adult daughter Tonya Gabbert. The trial court overruled Larry's motion requesting that he be paid 50% of the proceeds, and granted Della's motion requesting that the remaining sale proceeds be held for payment of future child support. The court ordered that the remaining funds could be paid to Tonya Gabbert if she would accept the money "as trustee for Larry and further provided she is willing to recognize that said funds are impressed with the requirement that they be used to satisfy Larry's future monthly child support obligation to his daughters in question". The order further provided that if Tonya did agree to hold the money as Larry's trustee, she would be permitted to ask leave of court to expend funds from the trust for Larry's extraordinary needs. Larry then filed this appeal.

■ Larry's first argument on appeal is that it was error for the trial court to order disbursement of any part of the sale proceeds because an appeal is pending. We cannot be certain what Larry means by this argument and no authority is cited in support of it. We therefore decline to consider it. CR[3] 76.12(4)(c)(iii) and (v), *Pierson v. Coffey*, 706 S.W.2d 409, 413 (Ky.App.1985).

■ Larry next asserts that KRS 405.470(2) provides that he is entitled to keep 50% of the proceeds of the sale of his real estate. The section says in pertinent part that "[f]ifty percent (50%) of the disposable earnings against which a support debt is asserted shall be exempt and may be delivered to the obligor". The trial court looked to KRS 427.005, which provides definitions to be used in KRS Chapter 427. Chapter 427 is part of Title XXXIX, titled Provisional Remedies, Enforcement of Judgments, and Exemptions. KRS 427.005(1) defines "earnings" and 427.005(2) defines "disposable earnings". The trial court held that because none of the funds held by the Master Commissioner were "generated by personal services" by Larry they are not "earnings" and cannot therefore form a part of "disposable earnings" as defined in Chapter 427, and it follows that no part of the proceeds are exempt under the statute's provisions.

Larry argues that the law applicable to his case is found in KRS Chapter 405 and that the court is required by KRS 405.405 to use the definitions in KRS 205.710 rather than those in KRS Chapter 427. KRS 405.405 states that "[t]he definitions provided in KRS 205.710 shall be applicable to KRS 405.430 to 405.530, unless the context requires otherwise". Those portions of KRS Chapter 405 are titled "Administrative Process for Child Support". KRS

3. Kentucky Rules of Civil Procedure

205.710 defines "earnings" and "disposable earnings" as follows:

"Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and notwithstanding any other provision of law exempting such payments from garnishment, attachment, or other process to satisfy support obligations and specifically includes periodic payments from pension and retirement programs and insurance policies of any kind. Earnings shall include all gain derived from capital, from labor, or both, including profit gained through sale or conversion of capital assets and unemployment compensation benefits, or any other form of monetary gain. The term "disposable earnings" means that part of earnings remaining after deductions of any amounts required by law to be withheld[.]

We agree with the trial court that KRS Chapter 405 does not apply to this case. The application of that chapter is limited to the administrative process used by the Cabinet to set and collect child support. As pointed out in the Commonwealth's brief, if KRS Chapter 405 applied to this situation we would be required to dismiss the appeal due to Larry's failure to exhaust the administrative remedies provided in KRS 405.490. The trial court correctly applied the definitions found in KRS Chapter 427, and the exemption does not apply. We also note that KRS 427.045 provides that disposable earnings which would otherwise be exempt from execution or garnishment are not exempt when the remedy is intended to provide for the maintenance of minor children.

▮ Finally, Larry argues that the trial court erred by placing equitable restrictions on the use of the balance of the proceeds remaining after payment of the accrued support arrearages. The court in essence created a trust for the benefit of Larry and the children. In urging us to set the ruling aside Larry employs a separation of powers argument based solely on Sections 27 and 28 of the Kentucky Constitution. We find it unnecessary to address that argument because the General Assembly has already provided a means to address situations such as the one presented here. KRS 387.290(1) provides that "[t]he District Court of the county from which [a] convict was sent to the penitentiary ... may, upon the application of anyone interested, appoint a suitable curator of the estate of any person over the age of twenty-one (21) years confined in the penitentiary".

▮ Subsection (3) of the statute provides that the curator "shall, out of the effects held by him, provide for the support of the family and the education of the minor children of the convict". One of the fundamental principles of equity jurisprudence is that a resort to equity is precluded when there is a plain, adequate, efficient and appropriate legal remedy. *Brownsville Auto Co. v. Peaslee Gaulbert Co.*, 242 Ky. 519, 46 S.W.2d 1088, 1089 (1932); *see also* 27A Am.Jur.2d *Equity* §§ 29–36 (1996).

Those portions of the judgment of the Nelson Circuit Court creating a trust, and granting Larry Reinle's motion to have the funds in excess of accrued child support arrearages paid to Tonya Gabbert as trustee, are reversed, and the case is remanded to the Nelson Circuit Court. Upon application of an interested person the court shall remand the matter to the Nelson District Court for the appointment of a suitable curator in accordance with the provisions of KRS 387.290. The curator shall satisfy the court of his or her fitness to serve, including the posting of any required bond. The curator's duties shall

include receipt of, and accounting for, any funds now held by the Master Commissioner of Nelson County on behalf of Larry Reinle, the payment of Larry Reinle's legal child support obligations as they become due, and all other duties imposed by law or by the court. In all other respects the judgment of the Nelson Circuit Court is affirmed.

All CONCUR.

1. Kentucky Revised Statute.