Opinion- of the Court.
Huston bought of M’Clarty a tract of land, and M*-Clarty, having received part of the price, died, without having conveyed the land. His executor, the appellee, brought suit and recovered judgment at law against Huston, for the balance of the purchase money; to stay proceedings upon which, Huston filed his hill with injunction, praying for a conveyance from the heirs, if they have such a title as by his contract their ancestor was hound to make, and if not, that the contract should bo rescinded, and (he money he had paid, refunded. He prays that the executor aud heirs may he made defendants ; but he does not name the heirs, nor was process ever taken out against them. The executor being served witlí a subpoena, answered; and the cause haw *275 ing- come on for a final hearing, fhe circuit court Gis-imssed the bill with costs and c^ma-ftes; from which da-cree Huston has appealed to this court.
It is unnecessary to enter into an examination of the-justice of the complainant’s claim to relief; for we are clearly of opinion, that tile-cause was not in a situation to be decided upon its merits. The heirs of M’Clarty were obviously necessary parties to the suit; and although they were prayed to be made defendants, yetas their names were not mentioned in the bill, and no process ever issued against them, it is evident, that they cannot be considered as parties to the suit. It was erroneous, therefore, to have heard the cause and decided it upon its merits, without having the heirs before the court. The court might, for the failure of the complainant to make them parties and bring them before the court, have dismissed the bill without prejudice to.^ another sdlt, ' The court, therefore, did not err'in dismissing thebill; but it erred in dismissingit absolutely.
The decree must, therefore, be reversed, and the cause be remanded, that a decree may be entered dis-~ missing thebill without prejudice to another suit.
Each parly to pay bis own costs in this court.