## Farley, et al. v. Alderson, et al.

(Decided February 25, 1921).

## Appeal from Elliott ·Circuit Court.

Parties—Bringing in New Parties.—Where in an action, with the parties, who are before the court, a complete determination of the question involved can not be had without necessary parties being brought before the court, the court should require them to be made parties, or else dismiss the action without prejudice to another action.

M. M. REDWINE, J. T. REDWINE, E. C. O'REAR and W. G. DEARING for appellants.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Reversing.

This was an action by Rachel Farley and her husband and children, seven or eight in number, against Harve G. Alderson, father of Rachel Farley, and grandfather of the other appellants, his wife Mary Alderson, John Ellis, Mary Ellis, Rachel Armstrong, Neville Armstrong, John D. Alderson, Albert H. Alderson and Charles L. Alderson, who are heirs and descendants of Warren Alderson, to reform a deed which was executed by Warren Alderson to appellants, for a tract of land, and for a construction of the deed, and quieting of the title of the appellants to the land. The appellants, whom we will call the plaintiffs, pray to have certain portions of the deed eliminated, which they assert were included in it by mistake, and if this elimination should be effected, the deed would convey to Rachel Farley a title in fee simple to the land, but if it should be determined that such portions of the deed were not included in it by mistake, but were intended by the grantor to be therein, it is claimed by the appellants that Rachel Farley has a life estate in the land,, and the remainder would go to the other appellants in fee, but it is, also, claimed adversely to this contention that the deed is susceptible without reformation, of a construction, which would give to the appellants a joint life estate only, and the remainder interest to all the heirs of Warren Alderson. The circuit court rendered a judgment dismissing the petition and from that judgment this appeal has been prayed. There was no demurrer to the petition. No proof was taken in the case. The court did not assign any reason for its action, nor have the

counsel for appellants in their briefs suggested the ground upon which the court rested its judgment, and appellees have not appeared in this court in any way.

The defendants, John D. Alderson, Albert H. Alderson and Charles L. Alderson, were alleged in the petition to be "of Nettie, W. Va.," and the two latter to be infants and having no guardian or committee. If these three defendants were non-residents of the state, there was no separate affidavit filed, which states such fact, and the name of the place wherein a post office was kept nearest to their place of residence, nor that they were then absent from the state, all of which statements would have been necessary to have authorized a warning order against them or appointment of a non-resident attorney. The petition was verified, and would have served in place of a separate affidavit, but the petition did not contain a statement of the facts necessary to justify the making of a warning order against them, nor the appointment of a non-resident attorney. In fact, there was no warning order made, nor attorney appointed, as provided for by sections 58 and 59 of the Civil Code, although a report purporting to be by an attorney appointed to notify these defendants of the pendency of the action, as provided for by section 59, subsec. 2, Civil Code, and to perform such other duties, relating to them as provided by the Code, was filed, which stated that the attorney had written a letter to them and directed it to Nettie, W. Va., but had received no reply thereto. The report does not indicate what information the letter to the defendants contained, or with what subject it dealt. Also, an answer purporting to be by an attorney, who had been appointed a guardian *ad litem* for Albert H. Alderson and Chas. L. Alderson, the ones alleged to be infants, as though they were residents of the state of Kentucky, was filed, but no order was ever made appointing a guardian *ad litem,* and if such order had been made it would have been unauthorized as the parties for whom the appointment appeared to have been made had never been summoned to answer to the action. Neither of these three defendants entered their appearance to the action in the court below, nor in this court, and hence they could have never been before the court in a way to give it jurisdiction of them. The defendants, John Ellis, Mary Ellis, Rachel Armstrong and Neville Armstrong, were neither of them ever summoned in the action and have not in any way entered their appearances either in the court below or in this

court.   Upon motion of the appellants, the plaintiffs be-
low, the court entered an order designating the defend-
ant, Harve G. Alderson, as one of the  defendants  upon
whom summons and notice could be served for all of the
defendants, and providing that a summons served upon
him should be sufficient to bring all of the defendants be-
fore the court for the purpose of the action.   A summons
was never executed upon him after the making of this
order, but he had been served with a summons against
him, individually, theretofore.   Section 25,  Civil  Code,
provides: ''If the question involve a common or general
interest of many persons, or if the parties be numerous
and it is impracticable to bring all of  them  before  the
court within a reasonable time, one or more may sue or
defend for the benefit of all.''  Under this provision of
the Code, whether the question to be litigated is one of
common or general interest; or whether the parties are
numerous and it is impracticable to bring all of them be-
fore the court within a reasonable time, before one or
more of the proper parties to a suit is or may be authoriz-
ed to sue or defend for all, the parties in interest must at
least be numerous, and it could not be pretended that four
persons were such a number that it would be impractic-
able to bring them before the court within a reasonable
time. The petition states the name of each of the defend-
ants, and its allegations show that the defendants named
in the petition are the only parties in interest, except the
plaintiffs. Other than the parties who are designated as
being of Nettie, W. Va., and whom it seems it  was  at-
tempted to bring before the court by the appointment of
a non-resident attorney, and a guardian *ad litem* as here-
tofore stated, the only remaining parties in interest are
four in number, other than Harve Alderson, upon whom a
summons was served, and manifestly no such  state  of
case is presented as authorizes a court to designate one
to defend for all and to attempt to dispose of their rights
without opportunity upon their part to have their day in
court.   Hence of the nine defendants named in the peti-
tion, only two of them were brought before the court, and
one of them seems to have no interest in the controversy
other than the wife of a real party in interest.   Section
23, Civil Code, provides: ''Any person may be made a de-
fendant who claims an interest in  the  controversy  ad-
verse to the plaintiff or who is a necessary  party  to  a
complete determination of the action.''   Section 28, Civil
Code, provides: ''The court may determine any contro-

versy between the parties before it, if it can do so without prejudice to others; if it can not do so, it must require such other persons to be made parties or must dimiss the action without prejudice.'' Section 24, Civil Code, provides: ''Parties who are united in interest must be joined as plaintiffs or defendants, but if the consent of one who should be joined as plaintiff could not be obtained he may be made a defendant, the reason being stated in the petition.''

As a rule in controversies concerning the title to real estate all of the persons who are interested under the title in litigation are necessary parties. Newman, section 180e; Smith v. West, 5 Litt. 48; Huston v. McClarty, 3 Litt. 274; City of Louisville v. Henderson, 5 Bush. 518. It is very plain that the action was in no condition for a trial upon its merits. Of the nine parties whom plaintiff alleges were necessary parties to the action, if a complete determination of the questions in controversy were to be had, only two of them had been brought before the court, and the court could not effectively or finally dispose of the matter without the others having been made parties. To have undertaken to make a determination of the matter with only one of the real parties in interest before the court, and the same procedure was allowable thereafter, it would have required seven other lawsuits to have decided the matter finally if the court could have properly proceeded to determine the issue with only one of the interested parties before the court, and another who possibly at some time might have an interest. In such a state of case, the court should have dismissed the action, but where a dismissal takes place, on account of the failure of the necessary parties to be brought before the court, the dismissal should have been made without prejudice to any future action. The judgment is therefore reversed and remanded with directions to set aside the judgment dismissing the action and to permit the plaintiffs to bring the defendants before the court by the process provided by law, and then a trial may be had upon the merits, and a decision rendered accordingly, but in the event plaintiffs decline to bring defendants before the court, the action should be dismissed but without prejudice to a future proper action.