### Bradshaw v. Dunlap, et al.

(Decided January 18, 1927.)

### Appeal from Boyle Circuit Court.

1. Lis Pendens—Judgment Creditor, Having Execution Levied and Lis Pendens Notice Filed Before Debtor's Deed was Recorded, Held to Have Lien as Against Grantee (Kentucky Statutes, Sections 496, 500, 2358a-2).—Judgment creditor, who had execution levied against debtor's property and lis pendens notice filed before debtor's deed to another was recorded, without notice of grantee's claim, had lien on property as against grantee, and could have land sold to satisfy it, in view of Kentucky Statutes, sections 496 and 2358a-2, when read in connection with section 500.

2. Lis Pendens—Statutory Provisions Must be Read Together in Determining Whether Judgment Creditor without Notice had Lien as Against Debtor's Grantee (Kentucky Statutes, Sections 496, 500, 2358a-2).—In determining whether judgment creditor, having had execution levied against debtor's property and lis pendens notice filed before debtor's deed to another was recorded, without notice of grantee's claim, had lien as against grantee, all provisions of statute, including Kentucky Statutes, sections 496, 500 and 2358a-2, must be read together.

JAY W. HARLAN and HENRY JACKSON for appellant.

N. D. RODES and S. R. CHEEK, JR., for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Walker Bradshaw and his brother, A. D. Bradshaw, owned jointly a farm in Garrard county. On May 29, 1920, they sold this farm to John Pendleton by written contract; some months later Pendleton filed a suit in the Garrard circuit court seeking a rescission of the contract, on the ground that he had been misled. On the trial of the case the circuit court decided in favor of Pendleton; the Bradshaws appeal.

While the case was pending in this court on appeal, Walker Bradshaw entered into a contract in writing with his brother, John R. Bradshaw, of Decatur, Illinois, by which for the sum of $8,500.00 in hand paid he agreed to convey his half of the land to John R. Bradshaw if the case in the Court of Appeals was decided in favor of Pendleton, and it was further agreed if the case was decided in favor of the Bradshaws then John R. Bradshaw should have one-half of the purchase money to be paid by Pendleton on his purchase. This contract was not recorded. At the January term 1923, W. G. Dunlap obtained a judgment against Walker Bradshaw for $4,532,-50. On June 20, 1924, the judgment of the circuit court in the Pendleton case was affirmed. On June 21, 1924, Dunlap had an execution issued on his judgment; had it levied on the interest of W. R. Bradshaw in the land and filed in the county clerk's office *lis pendens* notice, as provided by the statute. On the same day Walker Bradshaw and wife executed a deed to John R. Bradshaw pursuant to the title bond. This deed was lodged for record on June 23, 1924. Dunlap was about to sell the land under his execution and John R. Bradshaw brought this action to obtain an injunction restraining the sale of the land under execution, on the ground that it was his land and not subject to the debts of Walker Bradshaw. On final hearing the circuit court dismissed the petition. John R. Bradshaw appeals.

Sections 496 and 500, Kentucky Statutes, are in these words:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.

"The word 'creditors' as used herein shall include all creditors irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance." Sec. 496.

"Any contract for the sale of land, or any interest therein, when acknowledged or proven as deeds are required to be, may be recorded in the county in which such lands are situated, in the same

offices and books in which deeds are recorded, and the record of all such contracts recorded shall, from the time of lodging the same for record, be notice of such contracts to all persons.'' Sec. 500.

Section 2358a-2, Kentucky Statutes, is in these words:

No attachment or execution hereafter issued, nor any levy or sale under either, shall in any manner affect the right, title to, or interest of a subsequent purchaser, lessee or incumbrancer without notice thereof of any real estate or any interest therein upon which such attachment or execution may be or may have been levied, except from the time there shall be filed in the office aforesaid a memorandum, showing the number and style of the action in which said attachment or execution issued, the court from which it issued, the number, if any, of such attachment or execution, the date thereof, and the name of the persons in whose favor and against whom respectively it issued. Such notice may be filed by any party in interest.''

Dunlap had no notice, actual or constructive, of the claim of John R. Bradshaw. He was a subsequent creditor and acquired a lien upon the property by the levy of his execution before he had notice of Bradshaw's claim, and before the deed was lodged for record, had perfected his lien by filing *lis pendens* notice in the county clerk's office. In Mason v. Scruggs, 207 Ky. 67, the court, having before it the question of the proper construction of section 496, Kentucky Statutes, as it now reads, thus ruled:

''We have, in this case, presented to us squarely, for the first time since its passage, the effect to be given to this amendment to the statute. After a careful consideration of the matter, with special reference to the evils sought to be remedied and the evident purpose of the legislature in passing this amendment, we have come to the conclusion that the expression 'all creditors' therein means subsequent creditors, whether they be secured or unsecured, and such antecedent creditors who at some time prior to the recording of the mortgage or deed of trust have secured some equity in the property.''

This case was followed in Larrimore v. Perkinson, 208 Ky. 382, in these words:

"By antecedent creditors are meant those whose debts were created before the debtor made the transfer which was not lodged for record. By subsequent creditors are meant those whose debts were created after the debtor made the transfer and before the transfer was lodged for record. Cutler v. Huston, 158 U. S. 423; Evans v. Wheeler, 208 Ky. 1. By the act the unrecorded or pocket transfer in cases where the instrument may be recorded is made of no effect as to all subsequent creditors, although they have acquired no lien on the property; in order that their debts created when the debtor was the ostensible owner of the property may not be defeated by a secret transfer of which they had no notice. Wicks v. McConnell, 102 Ky. 434, and Clift v. Williams, 105 Ky. 559."

These opinions were followed in Kerrick v. West, 211 Ky. 807, but in that case the mortgage was recorded before the attachment was levied and it was held that the unrecorded mortgage gave no preference and that the levy of the attachment after the recording of the mortgage gave no preference. But in this case the execution was levied and the *lis pendens* notice filed before the deed was recorded, and thereby a lien on the property was secured. This is the necessary effect of section 2358a-2 when read in connection with section 500, above quoted, for all of the provisions of the statutes must be read together. Before the adoption of these statutes the rule was otherwise, and it was held that the execution creditor acquired no preference if he had notice before the sale under the execution. Baldwin v. Crow, 86 Ky. 679. But the statute was evidently amended to change this rule.

Judgment affirmed.