## Peoples Bank v. Morgan County Nat. Bank et al.

(Decided Nov. 27, 1936.)

CRAFT & STANFILL for appellant.

NICKELL & NICKELL and W. M. GARDNER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On October 28, 1927, Myrtle L. Cisco executed a note to F. L. Cisco and Ollie Lacy for the sum of $4,300, payable on October 28, 1928, with 6 per cent. interest from date. The note was secured by a mortgage on three tracts of land in Morgan county, and both the note and mortgage were assigned to the Morgan County National Bank. The note not having been paid at maturity, the Morgan County National Bank brought suit to recover thereon and enforce its mortgage lien. Judgment was rendered in favor of the bank, and the land was ordered sold. The Perry Finance Corporation became the purchaser at the price of $3,100. The proceeds of the sale were credited on the judgment, leaving a deficiency of $1,614.80. The sale was confirmed and the property conveyed to the Perry Finance Corporation. By deed dated October 20, 1933, and acknowledged October 28,

1933, the Perry Finance Corporation conveyed the land to the original owner, Myrtle Cisco. On the same day the purchase price, amounting to $3,100 was borrowed from the Peoples Bank and secured by a mortgage containing the following:

"That whereas the parties of the first part are indebted to the party of the second part in the sum of $——— evidenced by their promissory note of even date herewith due and payable six months after date," etc.

The mortgage was recorded in the Morgan county clerk's office on November 3, 1933. The note for the money borrowed was dated November 5, 1933, fifteen days after the execution of the mortgage. On December 7, 1933, the Morgan County National Bank caused to be issued from the office of the clerk of the Morgan circuit court an execution for $1,614.80, the amount of the deficiency in the original judgment. On the same day it filed a lis pendens notice in the office of the clerk of the Morgan county court. The execution was placed in the hands of the sheriff and levied on the same day on the three tracts of land repurchased by Myrtle Cisco and attempted to be mortgaged to the Peoples Bank. On April 11, 1934, a writ was issued by the Morgan circuit court clerk to the sheriff of Morgan county authorizing and directing him to sell the property. On May 14, 1934, the sheriff sold the land to Custer Jones, the highest bidder, at the price of $1,400, which is more than two-thirds of the appraised value. On the day of and just prior to the sale the Peoples Bank had its mortgage re-recorded with the blank properly filled, and had it announced at the sale that it had a mortgage on the property for $3,100.

By appropriate proceedings there was raised the question, whether the mortgage of the Peoples Bank gave it a prior equity to the execution issued in favor of the Morgan County National Bank and whether the purchaser Jones, obtained title at the execution sale. These questions were decided in favor of the Morgan County National Bank and Jones, and the Peoples Bank has appealed.

In Pearce, Tolle & Holton v. Hall, 12 Bush, 209, the mortgage contained the following:

"Now the conditions of this conveyance are these:

That whereas İ have this day, and simultaneously herewith, executed to the said Offut & Hall my note of even date herewith, and due and payable six months after date, with ten per cent interest from date until paid, and if I shall pay off said note and interest when the same becomes due, then this conveyance to be null and void, otherwise it is to remain in full force and operate as a mortgage."

In holding that the mortgage, though recorded, was not good as against an attaching creditor, the court said:

"It is the policy of our law to require parties holding liens upon property not taken into possession to give notice to the public of the existence of their rights; hence as to purchasers for a valuable consideration, and as to creditors, a mortgage does not become operative until lodged for record in the proper office.

"The spirit of our statutes upon this subject requires not only that such conveyances shall be lodged for record, but that they shall show for themselves, and without the aid of extrinsic evidence to be obtained by inquiry, the nature of the lien, and with a reasonable degree of certainty the amount of the debts they are intended to secure. If the amount be ascertained, as in this case, it ought to be stated. If it be not ascertained, then such descriptive facts as are within the knowledge of the parties, and as tend to put one interested in the inquiry upon the track leading to a discovery, ought to be set out.

"Unless this much is done the public record does not show the state of the title, and room is left for the substitution of fictitious and fraudulent claims, and the prime object of the recording system is subject to be defeated."

The court also added the following:

"We are satisfied that a mortgage, to be good against a purchaser for a valuable consideration, or a creditor, must not only be lodged for record in the proper office, but must, as far as is reasonably practicable, set out the amount of the debt for the payment of which the parties intend it as a security. We do not mean to intimate that an omission to

state the date of the note, or the time at which it will fall due, or the precise amount of the debt, even when the amount is ascertained, is essential to make the mortgage valid; but to hold the omission in this case immaterial would be in effect to say that a mortgage need only show that the mortgagor is indebted to the mortgagee, and that purchasers and creditors must, upon that recital, ascertain for themselves as best they can the amount of the indebtedness."

The mortgage in that case and the mortgage in question are substantially the same, and there is no difference in their legal effect. But it is argued that the mortgage, though blank as to the amount, was good as between the parties, and gave the Peoples Bank a prior equity for the reason that the mortgage was rerecorded before the sale and notice thereof actually given both to the execution creditor and the execution purchaser. It must not be overlooked that a substantial change has been made in the language of the controlling statute, which is section 496, Kentucky Statutes, and reads as follows:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.

"The word 'creditors' as used herein shall include all creditors irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance."

The construction of the statute was before the court in Mason & Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833, 834, and we held that the expression " 'all creditors' therein means subsequent creditors, whether they be secured or unsecured, and such antecedent creditors who at some time prior to the recording of the mortgage or deed of trust have secured some equity in the property." On December 7, 1933, and long prior to the date of sale, the execution for the deficiency was levied on the property in question and a lis pendens notice filed in the office of the county court clerk. By these proceedings the

execution creditor secured an equity in the property superior to the Peoples Bank's mortgage, of which it had no actual knowledge, and the recording of which, in view of the fact that the amount was left blank, did not give constructive notice. Bradshaw v. Dunlap, 217 Ky. 644, 290 S. W. 501; Mason v. Southern Deposit Bank, 229 Ky. 728, 17 S. W. (2d) 1022. In the circumstances the rights of the execution creditor were fixed at the time of the proceedings referred to, and being entitled to have the property sold, it is wholly immaterial that at the time of the sale the mortgage was rerecorded, or that either the execution creditor or purchaser was informed of its existence. It follows that the judgment is correct.

Judgment affirmed.