## Marr v. Wood et al.

June 7, 1940.

Clinton M. Harbison, Special Judge.

Richard Bush, Jr., and Hunt, Bush & Lisle for appellant.

McDonald & McDonald for appellees W. C. H. Wood and Elizabeth Wood.

No attorney for A. G. Mainous.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

A mortgage executed by the appellees, W. C. H. Wood and wife, to the Mutual Benefit Life Insurance Company on October 15, 1928, contained the following exceptions from the two tracts conveyed:

"There are excluded and excepted from the above tracts of land the following, to wit: (a) The rights of way of the Kentucky Central (Now Louisville and Nashville) Railway, and of the Lexington and Eastern (Now Louisville and Nashville) Railway, referred to and excepted from the foregoing conveyance from Fanny Turner, Commissioner, to said William C. H. Wood of record in the Fayette County Clerk's office in Deed Book 109, page 419, containing 9.05 acres and 2.52 acres, respectively."

The deed of partition by which the appellee Wood

had acquired title to the greater part of the land in 1896, referred to the right-of-way of the Kentucky Central Railroad as consisting of a strip 100 feet wide and 3942 feet long, including 9.05 acres. Reciting that an error had been made in the width of the right-of-way, and that it was in fact only 70 feet wide, the parties to the partition proceedings, on May 14, 1902, executed to the appellee Wood a deed, the effect of which was to convey to him their interest in the land subject to a right-of-way 70 feet in width instead of 100 feet. On May 13, 1907, in compromise of litigation between the appellee Wood and the Railroad Company, an agreement had been executed and recorded by which it was stipulated that the right-of-way was in fact 75 feet in width, and this 75 feet apparently had been fenced leaving strips 12½ feet in width on each side of the right-of-way which the appellees in the present litigation claim were not included in the mortgage to the Mutual Benefit Life Insurance Company. The Insurance Company became the purchaser of the land at a foreclosure sale, and thereafter conveyed two tracts lying immediately south of the main railroad right-of-way and containing 75.9 acres and 37.06 acres respectively to a Corporation, which, upon dissolution, conveyed the two tracts to the appellant, J. W. Marr. The deed executed to the Insurance Company by the Master Commissioner described the property exactly as it had been described in the mortgage; and the Insurance Company had fenced the eastern boundary of the tract so as to separate it from an adjoining tract still owned by the appellee Wood. However, the Insurance Company had extended this fence no further north than a point 12½ feet south of the fenced right-of-way, thus, according to appellee, recognizing his ownership of the 12½-foot strip immediately south of the right-of-way fence and affording him a means of entrance to it from his adjoining property. An under-pass under the right-of-way affords appellee access to the 12½-foot strip north of the 75 foot right-of-way. It should be noted that a mathematical calculation will disclose that in order to contain 9.05 acres, a strip of land 3942 feet in length must be 100 feet in width. It should also be noted that after the present controversy had arisen, the Insurance Company conveyed to the appellant by a deed containing an exact description, the 12½-foot strips south of the right-of-way, reciting that it had been the intention of the Insurance

Company to include the strips in its original deed to appellant's predecessor in title. However, if the Insurance Company had not acquired title to the disputed area through the foreclosure of its mortgage the conveyance above referred to could not affect the question presented to us for decision, which, as stated by appellant's counsel, is: Whether by the preceding instruments "the grantors or mortgagors excepted or excluded from the property conveved or mortgaged, a strip of land 100 feet wide and 3942 feet long, or whether they excepted or excluded only the right-of-way or easement of the Railroad Company over a strip of land 100 feet wide and 3942 feet long, or, stated differently, did they except or exclude the fee or an easement? If the land itself was excepted or excluded, then that land was never mortgaged to the Insurance Company. The title remained in the appellee, W. C. H. Wood and his title was unaffected by any of the subsequent conveyances above described. On the other hand, if only the easement or dominant estate of the Railroad Company was excepted or excluded from the mortgage, then the fee or servient estate was covered by the mortgage and the title to the fee passed to appellant under the subsequent conveyances."

It is argued by appellant's counsel that it would have been absurd for the appellee Wood to have excepted a strip of land 100 feet in width when the effect of such an exception would have been to retain in him title to two strips of land each 12½ feet wide, one on each side of a 75 foot railroad right-of-way and extending through the middle of the mortgaged land; that it is evident that the draftsman merely referred to the appellee Wood's original source of title, which was the partition deed, and overlooked the subsequent instruments affecting the width of the right-of-way which appellee did not own and could not have mortgaged and which it was evidently his intention to exclude so as to relieve himself from liability under the warranty provisions of the mortgage, and that if the right-of-way was excepted, it was a 75 foot right-of-way and the recital of a width of 100 feet was a false call. He points out that the fact that the Insurance Company extended its fence on the eastern boundary to a point 12½ feet south of the 75 foot right-of-way is without significance in view of the fact that it had sold the land on the north side of the right-of-way to another purchaser and re-

served a passway from the tract on the north across the land conveyed to appellant's predecessor in title, which reservation would have been meaningless if there was a 100 foot strip of land separating the tracts in which the Insurance Company had no interest.

Appellees' counsel argue that if the appellee Wood did not intend to except the soil itself from the operation of the mortgage, the provision excepting the right-of-way is entirely meaningless, since the Railroad Company already had the right-of-way and needed no protection of its rights which could not be affected by any act of either the mortgagor or the mortgagee. We might add that it was not necessary for the mortgagor to have excepted the soil itself or the mere easement in order to protect him from liability on account of the warranty provisions of the mortgage, since his liability in any event was limited to the amount of the mortgage debt . In answer to the argument of appellant's counsel that it would have been an absurdity on the part of the appellee Wood to have reserved the 12½ foot strips, appellees' counsel insist in their brief that the appellee Wood used the timber growing along both sides of the railroad track for burning over his tobacco beds, and since the appellee Wood owns the adjoining land he had ready access to them. Appellees' counsel also emphasize the fact heretofore noted that 9.05 acres is the exact amount of land contained in a strip 100 feet wide and 3942 feet long.

We shall not discuss the authorities cited bearing upon the common law distinctions between a "reservation" and an "exception," since this Court for many years has disregarded the common law technical distinction between the two terms. Stephan v. Kentucky Valley Distilling Co., 275 Ky. 705, 122 S. W. (2d) 493. Neither shall we discuss the authorities cited by appellant to the effect that ordinarily it will be presumed that a grantor intended to convey all of his rights in the land conveyed, and that a deed will be construed most strongly against the grantor, since the presumption does not exist when the conveyance is a mortgage instead of a deed, and a mortgage, when ambiguous, will be construed most strongly against the party who prepared it. Corpus Juris, Volume 41, page 449. The learned Special Chancellor to whom this declaratory judgment proceeding was presented on the pleadings, exhibits, and

a stipulation of facts, dismissed the appellant's petition and adjudged that the title of the appellee Wood to the strips in controversy was unaffected by the mortgage or subsequent conveyances, basing his decision primarily upon the intention of the parties, which, after all, is the true guide to be followed in the construction of both deeds and mortgages. We concur in his conclusion that it was the intention of the appellee Wood to exclude from the mortgage to the Insurance Company the land covered by the Railroad right-of-way and not merely the easement, and that the land excluded, because of the exactness with which the acreage was stated and the reference to the preceding conveyance, was intended to be 100 feet in width rather than 75 feet. Among the authorities supporting this conclusion may be cited: Dickman v. Madison County Light & Power Co., 304 Ill. 470, 136 N. E. 790; Hall v. Wabash R. Co. 133 Iowa 714, 110 N. W. 1039; Corpus Juris, Vol. 51, page 546.

Judgment affirmed.