William LUNSFORD, Appellant,

v.

Sheridan WITT et al., Appellees.

Court of Appeals of Kentucky.

Jan. 24, 1958.

Chenault & Coy, Shumate & Shumate, Richmond, for appellant.

William J. Weaver, London, Henry J. Cook, Lexington, for appellees.

SIMS, Judge.

This appeal is from a judgment holding two unrecorded deeds for 40 acres and for 6 acres respectively that Sheridan Witt executed without a valuable consideration to his 18-year old son, Odis Witt, take precedence over a lien of $5,000 arising out of an execution appellant, William Lunsford.

had levied on these two tracts as the property of Sheridan. The judgment appealed from gave Lunsford a lien on Sheridan's one-half undivided interest in another tract of 60 acres superior to the mortgage lien of William J. Weaver, who did not appeal, but held the execution lien subject to the homestead exemption of Sheridan in this 60 acre tract.

Sheridan and his wife Mary testified they jointly bought this 60 acre tract, which is rough land, containing no improvements and does not adjoin either of the other two tracts. It was deeded to Sheridan and Mary jointly for $1,100; she paying $700 and he $400 of the purchase price.

■■ The trial judge erred in holding Sheridan was entitled under KRS 427.060 to a homestead of $1,000 in the 60 acres owned jointly by him and his wife. This statute provides a homestead is exempt from sale under execution, attachment or judgment in "land, including the dwelling house and appurtenances, not exceeding one thousand dollars in value." We have construed this statute as meaning land upon which is located the dwelling house of the owner. Kelly v. Kelly's Ex'r, 299 Ky. 861, 186 S.W. 2d 902, 904, 158 A.L.R. 792; Brannon v. Bohannon, 265 Ky. 394, 96 S.W.2d 1036. The record shows this 60 acre tract is rough, unimproved land which contains no dwelling, therefore it follows that Sheridan was entitled to no homestead exemption therein.

■ Sheridan puts much reliance in Sears v. Cain, 242 Ky. 702, 47 S.W.2d 513, to the effect that it is incumbent upon an execution creditor to allege and prove that at the time he acquired his execution lien he had no notice of the prior unrecorded conveyance. True, Lunsford never pleaded or proved lack of notice of the unrecorded deeds but as Odis, the grantee, did not intervene in this action and set up title under them, nor was he made a party defendant, it was not necessary for Lunsford ei-

ther to plead or prove lack of actual notice. Huff v. Russell, 267 Ky. 515, 102 S.W.2d 984; People's Bank v. Morgan County Nat. Bank, 266 Ky. 308, 98 S.W.2d 936; Bradshaw v. Dunlap, 217 Ky. 644, 290 S.W. 501.

Certainly in the circumstances presented in this record it was not necessary for Lunsford to plead or prove lack of actual notice that Odis was claiming title to these lands. Lunsford did not make Odis a party defendant and it would have been plenty of time for him to have pleaded and proved lack of notice after Odis intervened and asserted title.

■■ The trial judge held the two unrecorded deeds Sheridan executed to Odis passed title to Odis. This was error because Odis was not made a party defendant, nor did he intervene in the action, and the trial judge was without jurisdiction to render judgment as to what title, if any, Odis took under the unrecorded deeds. In controversies concerning title to real estate all of the persons who are interested under the title in litigation are necessary parties. Farley v. Alderson, 190 Ky. 632, 227 S.W. 1005.

The judgment is reversed with directions that Odis be permitted to intervene in the action and set up what interest he is claiming in the two tracts Sheridan conveyed to him by the two deeds which have never been recorded. Should Odis decline to intervene and set up his interest in the 40 and in the 6 acre tracts, then the court will require Lunsford to make Odis a party defendant.

The only questions we have decided are that Sheridan has no homestead interest in the 60 acre tract and that the lower court was without jurisdiction to pass on what interest, if any, Odis took in the 40 and the 6 acre tracts under the two unrecorded deeds. All other questions are expressly reserved.

The judgment is reversed.