**TRIO REALTY COMPANY, Inc., Appellant,**

v.

**James F. QUEENAN, County Clerk for Jefferson County, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 28, 1962.

John E. Stout, Louisville, for appellant.

James E. Thornberry, Louisville, for appellee.

STANLEY, Commissioner.

This declaratory judgment action is to have the court construe a statute relating to the recording of mortgages. The clerk of the Jefferson County Court declined to record a mortgage because it did not state the date and the maturity of the obligation secured. The judgment declared the clerk's action to have been proper.

The mortgage, dated October 14, 1960, is by Operating Enterprises, Inc., to Trio Realty Company, Inc. Certain real estate is mortgaged in consideration of the second party lending the mortgagor "sums of money from time to time and to secure and guarantee payments of any and all liabilities or indebtedness hereafter incurred by the first party to the second party and to secure the performance of all of the agreements, conditions and covenants herein contained." A maximum limit of indebtedness and security is recited as $3,000. The express purpose of the instrument is that it shall be a "continuing pledge" of the real estate, and that same "shall remain in full force and effect and shall be valid and enforceable until and unless revoked and released of record by the second Party."

Mortgages made to secure future advances to the mortgagor or the performance of other obligations than one existing at the date thereof have long been held to be valid. Taulbee v. First National Bank of Jackson, 279 Ky. 153, 130 S.W.2d 48.

At the time the present mortgage was tendered for recording, KRS 382.330 read: "No county clerk shall record a deed or deed of trust or mortgage by which the payment of any indebtedness is secured unless the deed or deed of trust or mortgage states the date and the maturity of the obligations thereby secured which have been already issued or which are to be issued forthwith." (An Act of 1962, Ch. 83, § 17, purported to amend the statute to confine it to a deed or mortgage of real property.) A maximum fine of $1,000 may be imposed on any person who causes such an instrument to be recorded and of $100 on a county clerk who records the same. KRS 382.990(3) (4).

The appellant argues that the statute does not cover the tendered mortgage, for it is a legal transaction, entered into to secure advances or indebtedness to be incurred from time to time in the indefinite future, whereas the provisions of the statute are confined to pre-existing debts and obligations to be assumed "forthwith." The word "forthwith" truly has the connotation of immediacy or promptness, according to the particular circumstances. True, the mortgage is valid and its terms are enforceable between the parties and others with notice, but we are here concerned only with the statute which relates to recording the same as constructive notice to all others. It seems to us, as it did to the circuit court, that appellant's interpretation of the statute is too narrow. It may well be reasonably supposed that some advancement or loan would be made by the mortgagee without delay.

The statute was originally enacted in 1926. Sec. 511a-1, Ky.Stats. The reason for its enactment is not evident. One of the objects of recording statutes is to pro-

tect prospective purchasers and encumbrancers against the evils of secret grants and secret liens. 45 Am.Jur., Records and Recording Law, §§ 29, 34; 76 C.J.S. Records § 2. The present statute seems to be the converse, that is, to protect a mortgagor or lienee. It may have been designed to prevent or hinder the evil of an unscrupulous money lender obtaining a stranglehold on a borrower's property by a recorded encumbrance of undefined limits as to the date and maturity, and thereby create an obstacle to the borrower's using the property as credit or further security. We may quickly say there is nothing in the present case suggesting such mischievous purpose. It is apparent there was a good faith transaction, entered into according to a common practice in the business world to establish a line of credit without the necessity of a new mortgage for each advancement.

Whatever the motivating purpose may have been, it was within the legislative prerogative to define an unrecordable instrument. There are other statutes defining conditions to recording deeds and mortgages. Illustrative are KRS 382.130, 382.-335, 382.340. The courts must interpret statutory provisions and give them effect according to their unambiguous language. The language here is that a mortgage which does not reveal the date and maturity of the obligation secured thereby is not a recordable instrument. The exclusion is emphasized by the provisions for penalties if such should be lodged or recorded, as above stated.

The judgment is affirmed.