**BANK OF MAYSVILLE, Appellant,**

**v.**

**Oscar U. BROCK, Security Bank and Trust Company et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 21, 1964.

Philip Hargett, Maysville, for appellant.

John H. Clarke Jr., Maysville, John B. Breckinridge, Atty. Gen. Eastern District of Ky., Frankfort, B. T. Moynahan, U. S. Atty.,

Lexington, E. C. Royse, Houston L. Wood, Maysville, for appellee.

STEWART, Judge.

On July 13, 1949, Oscar U. Brock and his brother, T. W. Brock, executed and delivered to the Security Bank and Trust Company of Maysville their joint note for $50,000, payable on demand, and gave simultaneously a mortgage for that amount as security on property they owned as tenants in common, which mortgage was promptly recorded. Shortly thereafter $10,000 of this indebtedness was repaid. On July 2, 1952, $10,000 was borrowed back by the Brocks from this bank, which raised their indebtedness to the original sum of $50,000 and which all of the parties contemplated was secured by the mortgage.

There were the customary provisions in the mortgage which allowed the mortgagee bank, upon default of the mortgagors, to insure the improvements on the property and pay the premiums that accrued, and also to pay all taxes that matured and all other legal charges that might become a lien against the property; and the sums so paid were to be secured automatically by the mortgage. The bank advanced $335.63 for the payment of insurance and taxes. The mortgage contained this clause: "It is further agreed that this mortgage shall secure all renewals or extensions of said loan in whole or in part, and no renewal or extension shall be deemed a payment so as to discharge this mortgage. This mortgage shall also secure any additional sums or sum of money advanced or loaned on any other indebtedness of first parties or either of them jointly or severally to second party contracted or made before or after this date, by notes, accounts or obligations of any kind whatever at any time not to exceed in the aggregate the sum of Fifty-two Thousand ($52,000.00) Dollars."

On May 22, 1959, Oscar U. Brock executed and delivered to the Bank of Maysville a second mortgage on his undivided interest in the same property to secure the payment

of four notes of various dates aggregating $58,888. Soon thereafter Oscar U. Brock became hopelessly insolvent. Suit was instituted against the two Brocks by the two banks and the property covered by the mortgages was ordered sold.

The Security Bank and Trust Company collected from the sale of the property all its indebtedness of $50,000, together with the $335.63 it had paid for insurance and taxes under the terms of the mortgage. The proceeds from the judicial sale, remaining over after the satisfaction of the indebtedness of the first mortgagee bank, were insufficient to liquidate the debt of Oscar U. Brock to the Bank of Maysville, the second mortgagee.

The Bank of Maysville then instituted this action against the Security Bank and Trust Company, Oscar U. Brock, his wife, Geneva Brock, and T. W. Brock, to recover from them $4167.81, alleging that KRS 382.-520, which became effective June 17, 1948, prohibited the mortgage executed by the Brocks from constituting a valid security for any future credit that might be extended under it in excess of $2000.

It is appellant's contention that, although $10,000 of the $50,000 had been repaid by the Brocks, any additional loans made thereafter to the Brocks by the Security Bank and Trust Company of more than $2000 in amount would in no event be covered by the original mortgage. In this action a recovery of one half of $8335.63 was sought, this latter sum representing $10,000 for money thereafter loaned and $335.63 for taxes and insurance premiums paid, less the $2000 it is claimed was the maximum protection allowed under the statute.

KRS 382.520, so far as it is pertinent here, was to the effect that the *original* mortgage should secure, if such was so provided by its terms and conditions, the payment of the note evidencing the loan made, all renewals and extensions thereof, but the aggregate indebtedness should in no event "exceed Two Thousand Dollars ($2,000) in addition to the *original* amount loaned."

(This statute was amended during the regular session of the 1960 General Assembly, but we are not concerned with it as amended.) (Emphasis added.)

■ We have no doubt but that the meaning of the language of the statute is that, if the mortgage states the limit of indebtedness, security of $2000 is allowed in addition to the original face amount of the mortgage.

■ Under the common law and under the decisions of this Court, the rule is that a mortgage may be drafted, if given in good faith, so as to secure future extensions and renewals as well as a present debt. It is sufficient if the mortgage clearly shows it is to stand as security for both an original loan and for such additional indebtedness as may arise from future dealings between the parties. See Taulbee v. First National Bank of Jackson, 279 Ky. 153, 130 S.W.2d 48, 49, 54. See also an article on "The Flexible Mortgage Contract," Part II, Vol. 19–20, pp. 146 through 153, Kentucky State Bar Journal.

The matter is thus stated in Jones on Mortgages, Vol. 1, sec. 450 (8th ed.): "Future liabilities intended to be secured should be described with reasonable certainty. If the nature and amount of the encumbrance is so described that it may be ascertained by the exercise of ordinary discretion and diligence, that is all that is required."

KRS 382.520, as enacted in 1948, provided that the mortgage should remain as a valid lien to the extent of the indebtedness therein described, plus any other indebtedness of the mortgagor to the mortgagee not to exceed $2000 beyond the actual amount loaned.

■ In the case at bar it will be seen from the pertinent clause of the mortgage, quoted above, that it complies fully with the governing statute. More than that, it adequately described the ultimate extent of the indebtedness to be secured, $52,000 in this instance, and such a limit was not

reached, much less exceeded. It follows that the trial court correctly held that the $10,000 loaned under the mortgage and the $335.63 advanced for taxes and insurance were covered by it.

Wherefore, the judgment is affirmed.