**In re Ann Leah BLIEDEN, Debtor.**

**CITIZENS FIDELITY BANK AND TRUST COMPANY, Plaintiff,**

**v.**

**Ann Leah BLIEDEN, Defendant.**

**Bankruptcy No. 3-81-00989.**
**Adv. No. 3-81-0324.**

United States Bankruptcy Court,
W.D. Kentucky.

Feb. 26, 1985.

James S. Goldberg, Louisville, Ky., for debtor/defendant, Ann Leah Blieden.

Glenn L. Schilling, Louisville, Ky., Trustee.

Charles D. Greenwell, Jeffrey L. Anderson, Louisville, Ky., for plaintiff.

Joseph E. Fineman, Louisville, Ky., for defendant, David M. Carey.

## MEMORANDUM–ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on complaint of Citizens Fidelity Bank and Trust Company (Citizens), a creditor, by counsel, filed July 13, 1981, seeking relief from the automatic stay provisions of 11 U.S.C. § 362, in order to proceed with a foreclosure action on real property in the Jefferson Circuit Court.

Plaintiff alleges that it is the holder of a security interest in real property co-owned by Bert L. and Ann Leah Blieden, being Lot # 6, Glenview Bluff Subdivision; that there exists no equity in the realty for the benefit of the debtor-owners; that because the respective cases are filed under Chapter 7 of the Bankruptcy Code, the property is unnecessary for an effective reorganization; and thus, requesting this Court pursuant to 11 U.S.C. § 362 to terminate the Stay Order issued in these proceedings on April 10, 1981, allowing plaintiff to foreclose on the real property.

The facts as they pertain to the issue before the Court are evidenced by Stipulations of Fact filed of record on December 17, 1981, and may be briefly recited as follows:

On June 5, 1975, Ann Leah Blieden and Bert L. Blieden executed two documents relating to loan transactions with Citizens. The first such document constituted a mortgage in the principal amount of $80,-600.00 which granted to Citizens a security interest in real property known as Lot 6, Glenview Bluff Subdivision located in Jefferson County, Kentucky. The mortgage instrument contained in paragraph 9 the following language:

"... This Mortgage shall secure the payment of (a) all renewals and extensions of the Mortgage Note and the loan evidenced thereby; and (b) any additional indebtedness thereto, whether direct, indirect, existing, future, contingent or otherwise, of Mortgagors to Citizens Fidelity, said additional indebtedness in no event to exceed the principal sum of Five Thousand ($5,000.00) Dollars in addition to the principal amount of the Mortgage Note."

The face of the instrument also contains the following provision:

"... Mortgagors ... are justly indebted to Citizens Fidelity for money loaned to them as evidenced by the following (hereafter, whether one or more, called the Mortgage Note): (a) Their promissory note of even date with the delivery hereof in the principal sum of ____ EIGHTY THOUSAND SIX HUNDRED ____ ($80,-600.00) Dollars with interest thereon at the rate provided for therein, payable to the order of Citizens Fidelity on Demand but not later than December 5, 1975 ... which is final maturity date thereof...."

"Whereas, Bert L. Blieden and Ann Leah Blieden have guaranteed payment of said note by Guaranty Agreement of even date (hereafter referred to as Guaranty)...."

This mortgage was properly lodged of record in the Office of the County Court Clerk of Jefferson County, Kentucky, on June 24, 1975.

The second document, executed on June 5, 1975, by these debtors was a "Continuing Guaranty Agreement" in favor of Citizens in the limited amount of $80,600.00. The following debts are listed on this agreement:

| | |
|---|---|
| Bert L. Blieden | $51,300.00 |
| Bert Blieden, Builder | $12,300.00 |
| Bert Blieden, Realtor | $17,000.00 |

The guarantors are listed as Bert L. Blieden and Ann Leah Blieden with a total amount of guaranty of $80,600.00. Clause 2(b) of the agreement provides that the amount of credit which may be extended to the debtor is not limited by this agreement but the liability of the guarantor shall not exceed in the aggregate the amount of guaranty shown. Further, clause 4 provides that the guarantor secures payment of liabilities by granting a security interest to Citizens in property listed on the reverse side of the agreement. On the reverse of the guaranty instrument was listed "Second mortgage on 3900 Glenn Bluff Road."

Two other mortgages are of record which create liens on said real estate. Avery Federal Savings and Loan is the holder of a first mortgage filed December 19, 1972, securing payment of the principal sum of $82,000.00, and David M. Carney is the holder of a mortgage filed of record on May 8, 1980, securing the payment of the principal sum of $100,000.00. Further, two (2) Notices of Execution on the real estate were filed of record on January 13, 1981, in favor of First National Bank of Louisville and the Union Bank & Trust Company of New Albany, respectively.

Bert L. Blieden and Ann Leah Blieden, co-owners of the real property in issue, filed petitions seeking relief under the provisions of Chapter 7 of the Bankruptcy Code, 11 U.S.C., on October 10, 1980, and April 10, 1981, respectively.

On November 16, 1981, this Court entered an order amending its previous order of November 2, 1981, to include a provision that the liens of First National Bank of Louisville and Union Bank & Trust Company of New Albany are set aside as constituting preferential transfers. By Agreed Judgment entered November 18, 1981, the mortgage of David M. Carney was reduced to the principal amount of $25,000.00 plus interest, and Avery Federal Savings and Loan has not responded to the Complaint initiating this adversary proceeding.

The debtor and trustee have defended and counterclaimed against Citizens in this proceeding, alleging that no "mortgage note of even date" existed at the time of the taking of the mortgage. Therefore, under a strict construction of Paragraph 9(a) of Citizens Mortgage, there could be no "renewals and extensions of the Mortgage Note". Further, the debtor and trustee have alleged that under Paragraph 9(b) of Citizens Mortgage, any lien in favor of Citizens is limited to $5,000.00 by and through the "future advance" clause of the Mortgage.

Citizens admits that at no time did there exist a mortgage note dated June 5, 1975, in the amount of $80,600.00 payable on demand but not later than December 5, 1975, or any mortgage loan evidenced thereby, or any renewals and/or extensions thereof. Alternatively, it is asserted that some eleven (11) promissory notes were in existence prior to the time of the mortgage, and through consolidation and renewal, the debt in question is evidenced by the total of the three sums enumerated on the guaranty agreement. It is further asserted that the notes comprising the principal debt amount were renewed and/or new obligations were incurred by Bert L. Blieden at some time after the execution of the mortgage, and that these obligations are secured in part pursuant to the future advance clause of the mortgage instrument and the guaranty agreement.

The issue before the Court thus involves an interpretation and construction of the loan documents in order to determine the extent of the secured interest held by Citizens. The parties have stipulated that Citizens does possess a mortgage lien on the real property described in the Citizens Mortgage (Stipulations of Fact, No. 1). The parties have further stipulated that at the time of the Citizens Mortgage, there

was indebtedness of $80,600.00 owing to Citizens by Bert L. Blieden, husband of the debtor, Ann Leah Blieden, evidenced by eleven (11) promissory notes (Stipulations of Fact, No. 3). Additionally, the parties have stipulated that the three notes attached as Exhibits B, C, and D to the Complaint are consolidations of the renewals and/or extensions of these eleven (11) notes (except that Note B is a consolidation of five of these renewals and/or extensions totalling $33,618.53, and also two notes totalling $11,800.00 which are not renewals and/or extensions of the notes comprising the original $80,600.00 indebtedness) (Stipulations of Fact, No. 3). The parties have also stipulated that the continuing Guaranty Agreement, executed of even date with the Citizens Mortgage, is for the amount of $80,600.00, and has not been cancelled or rescinded (Stipulations of Fact, No. 2).

■ The Court must look to the intent of the parties in construing the Mortgage and Guaranty Agreement. *Marr v. Wood,* 283 Ky. 428, 141 S.W.2d 573 (1940). These two instruments must also be read and construed together, as the Mortgage and Continuing Guaranty were between the same parties, were executed simultaneously, and the mortgage recites that it was given, in part, to secure the Continuing Guaranty. *Fidelity & Columbia Trust Co. v. Schmidt,* 245 Ky. 432, 53 S.W.2d 713 (1932).

■ The Court rejects the debtor and trustee's counterclaim that the Citizens Mortgage should be limited to $5,000.00 under the "future advance" clause of the mortgage. The Court declines to adopt this strict construction of Paragraph 9(a) and (b) of the mortgage. The Court finds that the Citizens mortgage shows that it secures an original face amount of $80,-600.00, and that in addition, Paragraph 9 thereof secures an additional $5,000.00. The Court notes that the mortgage erroneously describes the indebtedness as evidenced by a single note. However, the Court does not believe that this error in describing the notes invalidates Citizens' mortgage. The intention of the parties

clearly was for the mortgage to secure the payment of the indebtedness of $80,600.00. Further, in construing the mortgage and Continuing Guaranty together, it is clear that the "note" which the mortgage states is guaranteed by the Guaranty is actually the eleven (11) notes totalling $80,600.00.

■ The operative clause granting Citizens its lien on the real property is on the first page of the Mortgage and reads as follows:

"NOW THEREFORE, in consideration of the premises and *to secure the payment* [here is indicated the insertion of $80,600.00] of the principal of and interest on the Mortgage Note according to the terms thereof and the faithful performance of all of the covenants, stipulations and agreements set out herein [here is indicated the insertion of the words '*and payment of said Guaranty*'] and in the Mortgage Note, *Mortgagors do hereby grant, convey and mortgage to Citizens Fidelity,* in fee simple, with covenant of General Warranty, the following described real property ... [here follows the description of Lot 6, Glenview Bluff Subdivision]." (emphasis added).

This provision, which contains the actual granting of the security interest by the Bliedens to Citizens, explicitly recites by typewritten insertions that it is to secure the repayment of the Continuing Guaranty to the full $80,600.00. The defendants have ignored this granting clause and rely solely on Paragraph 9, which is one of a series of eleven (11) numbered printed paragraphs containing common covenants. The written provisions in the granting clause must prevail over the printed "boilerplate" provisions of Paragraph 9. *Barnes v. Levy Bros.,* 295 Ky. 794, 175 S.W.2d 495 (1943).

Further, the Continuing Guaranty shows that the "note" which the mortgage states is guaranteed by the Guaranty is actually the eleven (11) notes totalling $80,600.00. The Continuing Guaranty lists the debtors as:

**390**

| Bert L. Blieden | $51,300.00 |
| Bert Blieden, Builder | $12,300.00 |
| Bert Blieden, Realtor | $17,000.00 |

As described in the defendants' Brief at pages one (1) through seven (7), the eleven (11) notes existing at the time of the Citizens mortgage were by these principal makers:

| Bert L. Blieden, 5 notes totalling | $51,300.00 |
| Bert Blieden, Builder, 3 notes totalling | $12,300.00 |
| Bert Blieden, Realtor, 3 notes, totalling | $17,000.00 |

To the extent these notes are consolidations of renewals and extensions of the original eleven (11) notes, Notes B, C, and D, are secured by the Citizens mortgage.

■ The mortgage also shows that it does not limit the $80,600.00 Continuing Guaranty to the $5,000.00 figure in Paragraph 9 of the mortgage concerning future advances. It is well-settled under Kentucky law that a mortgage to secure future advances is a valid contract. *Louisville Banking Co. v. Leonard, Trustee,* 90 Ky. 106, 13 S.W. 521 (1890); *In re Turner,* 51 F.Supp. 740 (W.D.Ky.1943). The defendants have argued that the Citizens mortgage fails to satisfy the requirements of KRS 382.330, thus making Citizens' lien invalid and inferior to any lien creditors. KRS 382.330 states as follows:

"No county clerk shall record a deed of trust or mortgage covering real property by which the payment of any indebtedness is secured unless the deed or deed of trust or mortgage states the date and the maturity of the obligations thereby secured which have been already issued or which are to be issued forthwith. In the case of obligations due on demand, the requirement of stating the maturity thereof shall be satisfied by stating that such obligations are 'due on demand'."

■ The mortgage erroneously states that there is "a promissory note of even date", although there are actually eleven (11) promissory notes. It does state that the principal sum owing is $86,600.00, and that it is payable with interest on demand, but not later than December 5, 1975, which is the final maturity date. The Court finds that the mortgage satisfies the requirements of KRS 382.330. This case is distinguishable from *Trio Realty Company v. Queenan,* Ky., 360 S.W.2d 747 (1962); *Peoples Bank v. Morgan County Nat. Bank,* 266 Ky. 308, 98 S.W.2d 936 (1936), and other cases relied upon by the defendants in that this is *not* a case where the mortgage that was attempted to be recorded was patently defective on its face by omitting the amount of the mortgage. The Citizens mortgage was properly recorded and there was record notice to the world of the secured claim of Citizens in the amount of $80,600.00.

Therefore, the Court finds that the Citizens mortgage shows an original face amount of $80,600.00, and also that Paragraph 9 thereof secures an additional $5,000.00. KRS 382.520 provides:

"In all cases where a loan is made by a bank, trust company, or savings and loan association incorporated and doing business under the laws of the Commonwealth of the United States of America, the mortgage originally executed and delivered by the borrower to the bank, trust company or building association shall secure payment of all renewals and extensions of the loan and the note evidencing it, whether so provided in the mortgage or not; and the mortgage may secure any additional indebtedness, whether direct, indirect, existing, future, contingent or otherwise, to the extent expressly authorized by the mortgage, *if the mortgage by its terms stipulates the maximum additional indebtedness which may be secured thereby.*" (Emphasis added).

The Citizens mortgage in Paragraph 9(b) stipulates that the maximum additional indebtedness which may be secured thereby is the sum of $5,000.00. In *Bank of Maysville v. Brock,* Ky., 375 S.W.2d 814 (1964), at issue was a mortgage of $50,000.00 face amount which also provided that it secured any additional indebtedness "at any time not to exceed in the aggregate the sum of Fifty-Two Thousand ($52,000.00) Dollars."

The debtors paid $10,000.00 on the loans, and then borrowed $10,000.00. *Id.*, p. 815. (The Court notes that at the time of the execution of the mortgage, in *Bank of Maysville v. Brock, supra,* KRS 382.520 limited additional indebtedness to $2,000.00. However, at the time of the execution of the Citizens mortgage and presently, KRS 382.520 contains no such limitations on additional indebtedness.) The Court construed the mortgage provision to mean that the additional indebtedness secured was limited to $2,000.00, noting that: "We have no doubt but that the meaning of the language of the Statute is that, if the mortgage states the limit of indebtedness, security of $2,000.00 is allowed in addition to the original face amount of the mortgage." *Id.*, p. 816.

Therefore, the Court finds that:

1. Notes B, C, and D are secured by the Citizens mortgage in that they are consolidations of the renewals and/or extensions of the eleven (11) notes totalling $80,600.00, except that Note B is a consolidation of five (5) of these renewals and/or extensions totalling $33,618.53, and also two (2) notes totalling $11,800.00 which are not renewals and/or extensions of the notes comprising the original $80,600.00 indebtedness.

2. Notes B, C, D, E, F, and G are further secured by the Citizens mortgage in that they are covered by the Continuing Guaranty Agreement, to the limited principal amount of $80,600.00; and

3. Notes E, F, and G, and that portion of Note B which is the consolidation of two later-in-time notes totalling $11,800.00, are secured by the Citizens mortgage as "additional indebtedness", pursuant to numbered Paragraph 9 on the third page of the Citizens mortgage, to the limited amount of $5,000.00.

This Memorandum-Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate Order has been entered this 26th day of February, 1985.

ORDER

For the reasons set forth in the Memorandum-Order filed this date,

IT IS ORDERED that the Automatic Stay Order issued on April 10, 1981 as to the real estate of the debtor be, and it is hereby, terminated on the 26th day of February, 1985, and the proceedings to foreclose on said property may be continued in the Jefferson Circuit Court.

This is a final and appealable Order and there is no just cause for delay.